STATE v. JOHN MANLY AND MARGARET MITCHELL.

*Evidence—Adultery—Punishment.*

1. Upon the trial of an indictment for adultery, it is competent to prove that the defendant had a wife living at the time of the commission of offence; and it is not error to admit proof of this fact, though it is not denied by the defendant.
2. Persons convicted of fornication and adultery may be imprisoned in the common jail for a period to be fixed in the discretion of the Court. *The Code,* §§1041 and 1097.
3. The Court has power, during the Term, to correct or modify an unexecuted judgment in criminal as well as in civil actions.

(*State* v. *Eliason,* 91 N. C., 564; *State* v. *Case,* 93 N. C., 545; *State* v. *McNeal,* 75 N. C., 15; *State* v. *Jackson,* 82 N. C., 565; *In re Brittain,* 93 N. C., 587, cited and approved).

INDICTMENT for fornication and adultery, tried before *Shepherd, Judge,* at May Term, 1886, of HALIFAX Superior Court.

The facts are stated in the opinion.

*Attorney-General,* for the State.
No counsel, for the defendant.

MERRIMON, J. The defendants are indicted for the offence of fornication and adultery. On the trial, it was admitted that they were not married to each other. The State offered evidence to prove that the male defendant had a living wife and the *feme* defendant had a living husband at the time of the offence. The defendants objected to this evidence, but the Court admitted it, and the defendants thereupon excepted.

A motion for a new trial was overruled, and there was judgment that the defendants each be imprisoned in the common jail of the county four months. They insisted that this judgment was not authorized by law, excepted and appealed to this Court.

The evidence objected to was relevant and competent, because it tended to prove the important material facts to be proved by the State, that the defendants were not married to each other. If the male defendant, at the time of the offence charged, had a living wife other than the *feme* defendant, and she then had a living husband, then they could not be married to each other. The facts might thus be proved. *State* v. *Eliason,* 91 N. C., 564; *State* v. *Case,* 93 N. C., 545. It would seem to have been unnecessary to receive it, as a fact that the defendants were not married to each other was admitted. But as it was such as might be admitted, it was not error to receive it on the trial—it had only a cumulative effect.

The judgment is unobjectionable. The statute (*The Code,* §1041,) defining the offence of fornication and adultery, declares that it shall be a misdemeanor, but it prescribes no particular punishment. The statute (*The Code,* §1097,) provides that in case of misdemeanor, or where no special punishment is prescribed, the offence shall be punishable as misdemeanors at common law; hence punishment by imprisonment in the common jail for a period in the discretion of the Court is allowable. *State* v. *McNeal,* 75 N. C., 15; *State* v. *Jackson,* 82 N. C., 565.

It appears in the record, that at first the Court imposed the punishment of seven months in the common jail. Afterwards during the term, the measure of time was reduced to four months. It was competent to thus modify the judgment; *In re Brittain*, 93 N. C., 587.

There is no error. Let this opinion be certified to the Superior Court, according to law.

No error.                                      Affirmed.