### STATE v. RICHARD WHITT.

*Practice—Suspension of Judgment—Judgment, Enforcement of After Being Suspended at Former Term of Court.*

1. When a judgment has been suspended on the agreement of the defendant to pay the costs and the costs have not been paid, the judgment may be enforced for such failure.

2. Where a defendant was sentenced to five years imprisonment and, after serving six days, was brought into court at the same term and judgment was suspended on his agreeing to pay the costs of the prosecution and the money which he had embezzled from his sister, the court had the power at a subsequent term of the court on his failure to pay the costs (but not for his failure to return the embezzled money) to sentence him to imprisonment for one year.

The defendant was found guilty of embezzlement at November Term, 1894, of the Inferior Court of MADISON county, and was sentenced to five years in the county jail of Madison, to be worked on the public roads, pursuant to the statutes in such cases provided. During the term of the said court, after an imprisonment of six days, at the suggestion of the solicitor, counsel for the prosecution, the defendant was brought into court and agreed to pay the prosecutor, his sister, the amount which he had embezzled from her, and the costs of the case. Thereupon, the court ordered the clerk to make the entry upon his record, "judgment suspended." After the adjournment of the court, the attorney for the defendant requested the sheriff to bring the defendant before the clerk, where and when he executed a deed of trust to secure the prosecutor the

amount embezzled, and the cost of the action ; and, upon the statement of the defendant that he would have the same registered, the clerk directed the sheriff to release him, which was done.  Neither the solicitor or the attorneys for the prosecution were present at the time, nor does it appear that either directed this action.  The deed of trust was never delivered to the register by the defendant, nor does it appear what became of it, and at the February (1895) Term of said Inferior Court, the defendant being in court, and having failed to pay either the amount embezzled or the costs, upon motion of the solicitor, was prayed into custody, and committed to jail to serve out the sentence hitherto imposed.  At this Term of the court, to-wit, February Term, 1895, Inferior Court, the solicitor for the State, agreed that, if the defendant would file a justified bond in the sum of $500 conditioned for his appearance at the succeeding June Term, 1895, and would show to the court that he had paid to the prosecutor (his sister) the amount he had embezzled from her, and the costs, that he would recommend a suspension of the judgment. After the adjournment of the court the defendant, through his attorney, filed a deed of trust on his real estate, in the sum of $500, conditioned for his appearance at the next term of the Inferior Court, and thereupon the defendant was discharged. The Inferior Court was abolished, and the Criminal Circuit Court succeeded to its jurisdiction.  At this, the June Term, 1895, Criminal Circuit Court, *Ewart, Judge,* presiding, it appearing to the court that defendant had neither paid to the prosecutor (his sister) the amount he had embezzled from her, nor the costs, and the records of the Inferior Court showing that judgment in the cause had been suspended only on motion of the solicitor for judgment, the defendant being present, it was ordered by the court that the defendant, Whitt, be imprisoned for one year in the

county jail, to be worked on the public roads under the supervision of the sheriff, as provided by the statute. From this judgment the defendant appealed to the Supreme Court.

*The Attorney General*, for the State.
*Mr. V. S. Lusk*, for the defendant (appellant).

MONTGOMERY, J.: The case of *State* v. *Warren*, 92 N. C., 825, upon which the counsel for defendant chiefly relied, was, we think, not like the case before us. There, the judgment of the court was that defendant be confined for 12 months in the county jail, and he had entered upon the term of imprisonment. During the same Term of the court, upon defendant's paying the cost of the prosecution and also certain other costs in other matters against him which he really did not owe, and upon his further entering into bond to keep the peace and also to keep sober, the judgment was suspended and he was discharged. Some months afterwards, while drunk, he committed an assault upon a man and was arrested for the breach of the peace and the breach of the bond. Upon the hearing the court construed the former proceedings as a vacation of the sentence, and its suspension to await the defendant's observance of the conditions imposed, and pronounced judgment for the reimprisonment of defendant for the same period of 12 months. On appeal from this judgment the court said, "the legal effect of the record, according to our interpretation, is a remission of the rest of the imprisonment upon the terms and conditions which were accepted and carried into effect by defendant." In the case now before us the defendant, after undergoing six days imprisonment under a term of five years pronounced against him, was brought before the court during the same Term, and upon

his agreeing to pay the cost of prosecution into court, and to his sister the amount he embezzled from her, "judgment was suspended." He failed to pay the costs (and also failed to pay to his sister the amount which he agreed to pay her—an immaterial matter for present purposes) and in consequence thereof was arrested and compelled to give bond for his appearance at the June Term of the Criminal Court of Buncombe county. Before the term of that court arrived, a new court, the Criminal Circuit Court of Buncombe and other counties, was established by the Act of 1895, Ch. 75. By the statute creating the new court the business then pending in the Criminal Court was placed under the jurisdiction of the Criminal Circuit Court. At the June Term of the last named court, judgment was pronounced on defendant that he be imprisoned for one year because he had neither paid the amount he promised his sister, nor the cost. It is well settled in this State that the judgments of a court are under its control and subject to change or modification during the term at which they are rendered. So, then, it was in the power of the presiding officer of the Criminal Court to suspend the judgment on the defendant at the time when he did, on defendant's agreement to pay the costs, even though he had served a part of his term of imprisonment. The question then arises as to whether the defendant, at a subsequent term of the court, because of his failure to pay the costs, may have a different judgment entered against him from the former one which was suspended. The second judgment, in diminution of the first, is certainly lawful. *State* v. *Crook*, 115 N. C., 760. The first judgment was for five years imprisonment, the last for one year. It is to be borne in mind that we are considering the judgment of the Criminal Circuit Court against the defendant, only as based on his failure to pay the cost

taxed against him in the indictment and conviction on which judgment was suspended, and not on his failure to meet the agreement with his sister. A court may suspend judgment upon the understanding that a defendant will compensate an injured party by payment of money, but it adds no force to such a condition to make it a matter of record. The collection of such damages cannot be enforced by imprisonment without coming in conflict with the constitutional inhibition against imprisonment for debt. When a judgment has been suspended on the agreement of the defendant to pay the costs, and the costs should not be paid, the judgment may be enforced for such failure. *State* v. *Crook, supra.*

No Error.