STATE v. CLAYTON STEVENS.

(Filed 25 May, 1908).

**Indictment—Sentence—Power of Court—Further Evidence—Final Judgment.**

It is within the power of the trial court to hold the matter of punishment of defendant in a criminal action under consideration during the term, and to take further testimony before rendering final judgment; and the defendant cannot complain when this was done at his request after a sentence had been imposed.

(*State v. Warren*, 92 N. C., 825, cited and distinguished).

INDICTMENT for carrying concealed weapon, heard by *Peebles, J.,* at February Term, 1908, of the Superior Court of BUNCOMBE County.

The defendant entered a plea of guilty on 18 February and was then sentenced to "be imprisoned in the jail of Buncombe County for the term of six months and be assigned to the commissioners of said county for such term, to be worked on the public roads, pay all costs and be discharged according to law."

On 20 February, 1908, during the same term, the following proceedings were had: "The judgment heretofore entered

in this case is now stricken out, and it is adjudged that this defendant be imprisoned in the jail of Buncombe County for the term of eight months, and after 3 April, 1908, he is assigned to the commissioners of Buncombe County for remainder of term, to be worked on the public roads, pay all costs and be discharged according to law."

From the foregoing judgment defendant appealed to the Supreme Court, on the ground that the court cannot increase the sentence after defendant has started to serve same, and that the judgment is fragmentary. · The court found as a fact that defendant came into court on his own motion, and, being examined by a physician, the physician said that, in his opinion, the defendant would suffer some pain from his wounds for a month or so, and then could work at hard labor.

The defendant's father came on the stand and asked to have the sentence changed to a fine, whereupon the court sentenced the defendant to eight months in jail.

The court further found that defendant "has not commenced to serve sentence on the roads, but is still in jail."

*Assistant Attorney-General* for the State.
*Britt & Ford* and *V. S. Lusk* for defendant.

BROWN, J.   According to the findings of fact of the court below, it is needless to examine into the power of the Judge of the Superior Court during the term at which sentence is imposed to recall a prisoner, after he has commenced to serve his sentence, and increase his punishment.                      .

It is plain that when this defendant was sentenced, on the 18th, his Honor retained the matter of punishment *in fieri* at defendant's request, and that he was remanded to jail for safe-keeping until the defendant could secure the attendance of a witness.   His Honor finds that, at the time the first sentence was announced from the bench, "defendant's counsel asked the court to reserve its sentence and give the defendant an opportunity to get Dr. Millinder as a witness to show that

STATE *v.* STEVENS.

defendant was not able to do hard labor.   The court replied
that he would hear the doctor, and if, after hearing him, he
saw fit, he would change the sentence.   About two or three
days afterwards the doctor's attendance was procured, and he
testified that he had examined the defendant and was of
opinion that if defendant was put at hard labor within two
months he would probably experience some physical pain
therefrom, but that after two months he thought hard labor
would not cause any pain."   Thereupon the court imposed
the last and final sentence, from which defendant appealed.

The power of the Judge to hold the matter of final punish-
ment under consideration during the term, and to take fur-
ther testimony, cannot be doubted.   *State v. Brittain,* 93
N. C., 588.   In this instance it was done at the request of
defendant's counsel.   Under such circumstances the authori-
ties cited in defendant's brief (*Lang case,* 18 Wallace, 163,
and *Warren's case,* 92 N. C., 825) have no application.

The judgment of the Superior Court is
Affirmed.