STATE v. W. C. GODWIN.

(Filed 23 September, 1936.)

**Criminal Law K h—Judgment of the court is in fieri during term and may be modified upon evidence heard in open court.**

Defendant was convicted of larceny and sentenced to four months imprisonment, to pay a fine and costs, and make restitution of the property.  During the term, after defendant had paid the fine and costs but before he had complied with other terms of the judgment, the court found, after hearing evidence in open court, that defendant had had a physical altercation with prosecutrix, and modified the judgment by imposing a longer prison sentence.  *Held:* The modification of the judgment was within the discretionary power of the trial court, the judgment being *in fieri* during the term and being subject to modification by the court in its discretion as the ends of justice may require upon evidence, heard in open court, either as to the facts of the case or the character and conduct of defendant, and no part of the prison term having been served prior to the modification, defendant's objection that the modification constituted a second punishment for the same offense is untenable.

APPEAL by defendant from *Small, J.,* at April Term, 1936, of TYRRELL.    Affirmed.

The defendant W. C. Godwin was convicted of the larceny of two hogs, the property of Mrs. Della Furlough, and judgment was thereupon pronounced, imposing upon him four months prison sentence, *"capias* and commitment to issue at any time within two years on motion of the solicitor," and the defendant was also adjudged to pay a fine of fifty dollars and the costs, and required to make restitution of the stolen property.    The defendant paid the fine and costs but did not comply with the other portions of the sentence.

During the same week and term, following an investigation in open court, and after hearing evidence of both the prosecuting witness and the defendant, the court entered the following judgment:

"It appearing to the court, and the court finding as a fact, that since passing sentence on W. C. Godwin on Tuesday, 21 April, he and Mrs. Della Furlough, the prosecuting witness in the case against him for larceny, have had a physical altercation, he being a man 46 years of age, weighing 223 pounds, and she a woman, 53 years of age, weighing 115 pounds; therefore, the judgment rendered on Tuesday, 21 April, in Minute Docket for Tyrrell County, labeled 'The Year 1924,' on p. 266, in the court's discretion, is set aside and judgment and sentence is passed as follows:

"The judgment of the court is, that the defendant be confined at the District Camp and assigned to work under the supervision of the State Highway and Public Works Commission for a term of six months.

"It is further ordered that the defendant pay a fine of $50.00 and cost and return to the sheriff of Tyrrell County the black hog in question, for Mrs. Della Furlough, and pay $10.00 for having the hog cared for while in the custody of the sheriff.    It is further ordered that the defendant pay the clerk of the Superior Court, for the benefit of Mrs. Furlough, $6.50 for the sandy pig in question."

From the last quoted judgment the defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Burton for State.*

*H. S. Ward and J. Ernest Norris for defendant.*

DEVIN, J.    The defendant has abandoned all other exceptions save the one with respect to the final judgment, and presents the single question as to the power of the court to change the original judgment and impose a longer prison sentence.

The general power of the court over its own judgments, orders, and decrees in both civil and criminal cases, during the existence of the

term at which they are first made, is undeniable. *Ex parte Lange,* 18 Wall., 163.

Until the expiration of the term the orders and judgments of the court are *in fieri,* and the judge has power, in his discretion, to make such changes and modifications in them as he may deem wise and appropriate for the administration of justice, and to this end he may hear further evidence, in open court, both as to the facts of the case and as to the character and conduct of the defendant. *In re Brittain,* 93 N. C., 587; *S. v. Manly,* 95 N. C., 661; *S. v. Stevens,* 146 N. C., 679; *Cook v. Tel. Co.,* 150 N. C., 428.

The defendant, however, contends that when a portion of the first judgment has been complied with, as by the payment of the fine imposed, a different rule should obtain, in accord with the just principle that no man should be twice punished for the same offense. 8 R. C. L., 244; *S. v. Crook,* 115 N. C., 760; *S. v. Warren,* 92 N. C., 825; *Ex parte Lange, supra.*

But here the court had power to punish by both fine and imprisonment. There was no modification of the sentence with respect to the payment of a fine and costs and restitution of the stolen property. Though the fine lawfully imposed in both judgments was paid, no part of the prison sentence had been served. In no view could the defendant be said to have been required to suffer twice for the same offense.

The modification of the judgment during the term was within the power and the sound discretion of the trial judge.

Judgment affirmed.