The defendant was tried on a bill of indictment charging him in several counts, (1) with manufacturing intoxicating liquors; (2) of having intoxicating liquors in his possession for the purpose of sale; (3) in having intoxicating liquors for beverage purposes; (4) for transporting intoxicating liquors; (5) for selling intoxicating liquors; and with three other violations of the prohibition laws in which the name of the defendant was not set out. To all of these charges he pleaded not guilty. The jury returned a verdict of "Guilty as charged in count No. 2 of the Bill of Indictment and Guilty as charged in count No. 4 of the Bill of Indictment." Upon the coming in of the verdict the judge pronounced judgment as follows:
 "The judgment of the Court is that the defendant be confined four months in the common jail of Watauga County and assigned to work on the roads under the control and supervision of the State Highway and Public Works Commission, on the count No. 2 of possessing liquor for the purpose of sale.
 "On the other count, No. 4, of transporting, the judgment of the Court is that the defendant be confined in the common jail of Watauga County for a period of 12 months and assigned to work on *Page 735 
the roads under the control and supervision of the State Highway and Public Works Commission.
 "This sentence is suspended for two years, on the following conditions:
"1. That the defendant not violate any of the laws of this State.
 "2. That he not possess any substance containing alcohol, tax-paid or non-tax-paid, and that he not permit any liquor upon his premises, or the premises under his control.
 "3. That he not operate an automobile on the public highways of this State for the period of 12 months, and that he surrender his driver's license to the Clerk of the Court to be forwarded to Raleigh for the purpose of having the same properly revoked.
 "4. That he pay the costs of this action. (To be placed on probation after the service of the sentence of four months imposed on the count for possessing.)"
The defendant excepted to this judgment and gave notice of appeal. Time for filing case on appeal was given and appeal bond filed. This judgment was unsigned. Later in the term, as of the 26th day of April, 1949, the judge presiding entered the following judgment in the same case which was signed and entered of record.
 "1. This Cause coming on to be heard, and being heard at the April 1949 Term of the aforesaid Court, before the Honorable J. A. Rousseau, Judge of the Superior Court being held in the City of Boone, County of Watauga, North Carolina, and the above named defendant (WAS DULY CONVICTED OF) the crime of possessing liquor for purpose of sale. Sentence 4 mos. active, to be served now — in Docket #43 Transporting for purpose of sale. Sentence 12 mos. on roads.
 "2. Now, Therefore, It is Ordered, Adjudged, and Decreed that the said defendant be, and is hereby sentenced by this Court to jail, to be assigned to work under the supervision of the State Highway and Public Works Commission of North Carolina for a period of 12 months.
 It Appearing, However, to the satisfaction of the Court that the character of said defendant and the circumstances of the case indicate that probation will probably result in the reformation of the defendant and that he is eligible for probation under the North Carolina Statutes.
 "It Is Further Ordered, Adjudged and Decreed that the aforesaid sentence of 12 months be, and the same is hereby suspended, and that the said defendant is hereby placed on probation for a period of 2 years under the supervision of the North Carolina Probation Commission and its officers, subject to the provisions of the laws *Page 736 
of this State and the rules and orders of said Commission and its officers with leave that the execution might be prayed at any time during the period of probation.
"3. That as a condition of probation the aforesaid defendant shall:
"(a) Avoid injurious or vicious habits;
"(b) Avoid persons or places of disreputable or harmful character;
"(c) Report to the probation office as directed:
"(d) Permit the probation officer to visit his home or elsewhere;
"(e) Work faithfully at suitable employment as far as possible;
 "(f) Remain within a specified area and shall not change place of residence without written consent of the Probation Officer;
"(g) Pay the costs and any fine imposed herein;
 "(h) Make preparation or restitution to the aggrieved party for the damage or loss caused by his offense in amount to be determined by the Court;
"(i) Support his dependents;
 "(j) Violate no penal law of any state or the Federal Government and be of general good behavior.
 "That as special conditions of probation ordered by the Court the defendant shall not possess any substance containing alcohol, Taxpaid or Non-tax-paid; that he not permit any liquor upon his premises, or the premises under his control; not to operate an automobile on the public highways of the state for a period of 12 mos. Surrender driver's license to C.S.C. to be forwarded to Raleigh for purpose of revocation. Pay the costs of this action. Deft — allowed 60 days to make up and serve statement of case on appeal. State allowed 30 days to serve counter-case or file exceptions, — in such manner as directed by the Probation Commission.
 "4. That the Sheriff or other law enforcement officer, who has the custody of the defendant, is hereby ordered to deliver the said defendant to the Probation Officer of this district, or if the defendant is under bond, then such bond shall remain in full force and effect until said defendant reports to the Probation Officer as directed.
 "IT IS FURTHER ORDERED that this order be filed with the Clerk of this Court in his office and that he forthwith forward a copy of the same to the Probation Officer in this district. This 26 day of April, 1949.
J. A. ROUSSEAU,
Judge Presiding."
Only two features on the case need to be mentioned as determinative on this review: The objection to the introduction of evidence on the part of *Page 737 
the State obtained upon a search and seizure which defendant contends was violative of the provisions of G.S. 15-27; and the two judgments rendered in the same case at the same term as above set out.
1. The evidence disclosed that the State officers searched the premises of the defendant some time prior to the trial under a purported search warrant issued by a justice of the peace. This was introduced upon the trial and reads as follows:
"Watauga County Before Edw. N. Hahn, J.P.
 State v. SEARCH WARRANT Tee Gross Joe Trivett
"State of North Carolina
To any Constable or other Lawful Officer of said County — Greeting:
 "Whereas, Ben Wood has this day made complaint on oath, before me, the undersigned Justice of the Peace of said County, that he has a reason and information to believe that the above parties has intoxicants on their premises for sale.
 A. R. CHURCH By Rev. Ben Wood"
Roger Parker testified that acting under this purported authority he, in company with Patrolman Roberts and Deputy Sheriff Church, searched the premises of the defendant. Mr. Church told Mr. Gross that he had a search warrant for the place and Mr. Gross told him to go ahead and search. The court held that, as a matter of law, whatever "the witness found he has a right to tell about." At this juncture counsel for the defendant asked to be permitted to call witnesses in attacking the search warrant.
The court declined but told the defendant that he might offer his evidence later. The jury was excused and ill its absence A. R. Church testified as follows:
 "Ben Woods brought this search warrant marked and identified as `Exhibit B' and gave it to me and we took it and searched on it. I don't know how the warrant was issued. Ben Woods is here and Mr. Hahn is — he was a little bit ago."
The defendant offered E. H. Hahn, Justice of the Peace who issued the search warrant, and the State objected to his examination because the questions and answers might tend to incriminate him. His evidence was taken in the absence of the jury; was excluded and stricken from the *Page 738 
record and counsel for the defendant agreed they would not take any exceptions to the ruling of the court.
The jury was recalled and Church was permitted to testify over exception that a portion of a case of liquor was found up in front, and defendant said that was all he had. On further examination the officers went on in the back room and found about five more cases of tax-paid liquor in the store, — 24 pints in a case and 12 fifths. It was close to six cases. He further testified that defendant did not ask him to see the search warrant, just told them to go ahead and search. He said, "Well, there is some whiskey up the front. Go ahead and get it. That is all I have." He did not ask that the warrant be produced.
The State rested and defendant moved for judgment as of nonsuit, which was denied, and defendant excepted. Defendant offered no evidence but renewed his motion for judgment of nonsuit, which was denied. The case was left to the jury which for its verdict found the defendant guilty of the violation of counts 2 and 4 of the indictment as above stated. Defendant moved to set aside the verdict for errors on the trial, which motion was declined. Defendant objected and excepted to the judgment of the court above appearing, designating the earlier rendition as (1) and the second (2), and assigned errors.
The defendant, having by stipulation eliminated the testimony of Magistrate Hahn relating to the search warrant, has left to him only the warrant itself and what appears upon its face as evidence of its illegality. The pertinent statute invoked by appellant is as follows:
 "G.S. 15-27. Warrant issued without affidavit and examination of complainant or other person; evidence discovered thereunder incompetent. — Any officer who shall sign and issue or cause to be signed and issued a search warrant without first requiring the complainant or other person to sign an affidavit under oath and examining said person or complainant in regard thereto shall be guilty of a misdemeanor; and no facts discovered by reason of the issuance of such illegal search warrant shall be competent as evidence in the trial of any action."
The testimony of Church that he did not sign the affidavit supporting the warrant does not deprive it of its validity. Wood, who is named in the body of the paper as complainant, did sign it, and according to the official certificate, did it on oath. *Page 739 
The statute does not require that in order to be valid the warrant shall contain an averment that an examination of the complainant has been made, and what it revealed. Nothing else appearing, there is a presumption that the requirements of the statute have been preserved. S. v. Elder, 217 N.C. 111, 6 S.E.2d 840.
2. Had the two pronouncements of sentence, — which the appellant refers to as judgment No. 1 and judgment No. 2, — been made and filed at the same time and in this way become one transaction, or at least to be considered in part materia, we might have some difficulty in reconciling them; but under the procedure in this jurisdiction the defendant would not be thereby discharged as suggested by the appellee. The case would be remanded for a proper judgment on the verdict.
But the two entries were not simultaneously made, — the unsigned pronouncement of sentence preceding the latter entry by several days and both being made during the same term of court. Whether the latter was intended to clarify and render certain the sentence previously given or whether it was intended to operate independently or supplant the former sentence, we need not inquire. As the term of court had not expired the whole matter was in fieri and the right of the judge to modify, change, alter or amend the prior judgment, or to substitute another judgment for it, cannot be questioned. S. v. Godwin, 210 N.C. 447, 449, 187 S.E. 560; S. v. McLamb, 203 N.C. 442, 166 S.E. 507; S. v. Manley, 95 N.C. 661; S. v. Stevens, 146 N.C. 679, 61 S.E. 629; S. v. Whitt, 117 N.C. 804,23 S.E. 452.
We do not consider that any doubt with which the sentence may be attended is fatal and resolving such doubt as may exist in favor of the defendant, we construe the latter entry as referring to the first by way of recital and identification; it thereupon, in its body, reassigns the punishment theretofore awarded suspending the entire sentence on all counts during which time the defendant was put on probation for the time and on the terms and conditions named therein. In further proceedings the defendant is entitled to be dealt with as we now construe the judgment.
Other exceptions of the appellant have been examined and do not disclose merit. We find no error in the trial.
No error. *Page 740