STATE v. LOUISE RAINEY.

(Filed 6 January, 1953.)

**1. Searches and Seizures § 2—**

Where the peace officer duly swears to and signs the complaint-affidavit made out on his information, the fact that the oral information upon which it is based was given prior to the taking of the oath is not an irregularity, but is in accorance with statutory procedure. G.S. 18-13, G.S. 15-27.

**2. Intoxicating Liquor § 9d—**

Evidence tending to show that officers with search warrant entered defendant's home, caught defendant as she was attempting to empty nontax-paid liquor from a jar, that two nonresidents of the house were there at the time with small glasses having the odor of liquor before them on the table, and that on several occasions people were seen going into the house sober and coming out drunk, *is held* sufficient to be submitted to the jury in a prosecution for possession of nontax-paid liquor for the purpose of sale.

**3. Criminal Law § 53h—**

An instruction that defendant had the prerogative not to testify and to rely on the weakness of the State's evidence, and by her plea of not guilty challenged the truthfulness and sufficiency of the testimony, *is held* incomplete and erroneous in failing to charge that her failure to take the stand did not create any presumption against her. G.S. 8-54.

**4. Criminal Law § 53d—**

While the court is not required to charge on a subordinate feature of the case in the absence of request for special instructions, when the court

undertakes to do so it becomes the duty of the court to charge fully and completely on such subordinate feature.

**5. Criminal Law § 81c (1)—**

In order to be entitled to a new trial, defendant has the burden of establishing not only that error was committed but that such error was material and prejudicial, since verdicts and judgments are not to be set aside for mere error and no more.

**6. Criminal Law § 81c (2)—**

On the present record, the failure of the court to charge that defendant's election not to testify created no presumption against her, after undertaking to charge on defendant's right not to testify, *is held* not prejudicial in view of repeated categorical instructions that defendant's plea of not guilty raised a presumption of innocence with the burden on the State to overcome this presumption by proof of guilt beyond a reasonable doubt, and it being apparent that upon the evidence of guilt a different result would not likely ensue.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* 26 May Criminal Term, 1952, of GUILFORD (Greensboro Division).

Criminal prosecution tried on appeal from Municipal-County Court upon a warrant charging the defendant with illegal possession of nontax-paid liquor for the purpose of sale. The jury returned a verdict of guilty as charged, and from judgment pronounced the defendant appealed, assigning errors.

*Attorney-General McMullan and Samuel Behrends, Jr., Member of Staff, for the State.*

*Joe D. Franks, Jr., and Stanley & Caveness for defendant, appellant.*

JOHNSON, J. The defendant places chief stress on a group of exceptions which challenge the competency of vital evidence offered by the State on the ground that it was obtained under an illegal search warrant. The search warrant was issued under substantially these circumstances: A peace officer appeared before the Deputy Clerk of the Greensboro-Municipal County Court and informed her, without being sworn, that he had reason to believe the defendant, who lived at 404 East Street in the City of Greensboro, had intoxicating. liquor in her possession for the purpose of sale. The Deputy Clerk then prepared the complaint-affidavit and search warrant, after which the applying officer swore to and signed the complaint-affidavit, and then the issuing Deputy Clerk signed the affidavit and warrant. The evidence is not clear whether the officer who applied for the search warrant signed before or after the oath was admin-

istered, but all the evidence shows that the oath was administered prior to signing by the Deputy Clerk who issued the warrant.

Here the defendant's exceptions rest solely on the fact that the oral information of the officer procuring the warrant was furnished to the Deputy Clerk prior to taking the oath. The exceptions are untenable. The procedure followed fulfills the requirements of the controlling statutes. G.S. 18-13 and G.S. 15-27 as amended. See also *S. v. Gross*, 230 N.C. 734, 55 S.E. 2d 517; 67 C.J.S., Oaths and Affirmations, Sec. 6 (b).

Next, the defendant challenges the sufficiency of the evidence to carry the case to the jury over her motion for judgment as of nonsuit. The evidence may be summarized as follows: After the officers, with search warrant, gained entrance to the defendant's home, one of them "glimpsed" her "running out a door through the kitchen." He followed and caught her while she was in the act of pouring the contents of a quart jar into the commode. The officer wrested the jar from her before it was entirely emptied. She did not then deny ownership, but only claimed the fluid was not liquor. The officer testified the jar contained nontax-paid liquor. No tax stamp of any kind was on it. The jar, with contents, was introduced in evidence. Two men who were not residents of the house were there at the time, and small glasses with the odor of liquor were on the table in front of them. The men appeared to have been drinking "considerably." Half a case of 7-Up and half a case of Coca-Cola were found in the kitchen. One of the officers said he had been observing the defendant's residence on prior occasions, most recently the night before, and "had seen lots of people going in sober and coming out drunk. . . . some walking, some . . . in cars, and some in taxis. . . . (he) had seen this at least three times before . . . search."

This evidence was sufficient to take the case to the jury, and the court below properly overruled defendant's motion for judgment as of nonsuit. *S. v. Hill, ante,* 704; *S. v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804; *S. v. Avery,* 236 N.C. 276, bot. p. 279, 72 S.E. 2d 670.

The defendant also assigns error in respect to the portion of the charge dealing with the failure of the defendant to take the stand and testify in her own behalf. As to this, the court charged the jury as follows:

"The defendant, lady and gentlemen, did not go upon the stand and did not offer evidence. This was her prerogative. She has a right to rely upon what she conceives to be the weakness of the State's evidence, and by her plea of not guilty challenges both the truthfulness and sufficiency of the testimony."

It may be conceded that this instruction was incomplete and erroneous for failure of the court to go further and tell the jury that the failure of the defendant to testify "shall not create any presumption against" her. G.S. 8-54. *S. v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733. And this is so,

even though the instruction relates to a subordinate feature of the case on which failure to instruct ordinarily will not be held for error unless a request for instructions be made (*S. v. Jordan*, 216 N.C. 356, 5 S.E. 2d 156), for the reason that the court having elected to charge on this phase of the case, *i.e.*, failure of the defendant to testify, it then became its duty to charge fully and completely on this circumstance. See *S. v. Bridgers*, 233 N.C. 577, 64 S.E. 2d 867.

However, verdicts and judgments are not to be set aside for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, and that a different result likely would have ensued, with the burden being on the appellant to show this. *S. v. Bryant, post,* 745 (filed this day); *S. v. Perry*, 226 N.C. 530, 39 S.E. 2d 460; *S. v. King,* 225 N.C. 767, 33 S.E. 2d 590; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604; *S. v. Stancill,* 178 N.C. 683, 100 S.E. 241; *S. v. Bovender,* 233 N.C. 683, 65 S.E. 2d 323. See also *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Wilson v. Lumber Co.,* 186 N.C. 56, 118 S.E. 797.

An over-all study of the charge discloses that the trial court in charging on the law as to the presumption of innocence gave special stress to its application to the defendant's situation. Three times during the course of the charge the court adverted to this phase of the case, each time telling the jury in effect that the defendant's plea of not guilty raised in her behalf a presumption of innocence, and that the burden of proof was on the State to overcome this presumption and prove her guilt beyond a reasonable doubt. And the court concluded its charge by telling the jury that if they had a reasonable doubt as to her guilt, it would be their duty "to give her the benefit of it and acquit her."

With the defendant's exceptions relating to the validity of the search warrant and to the competency of the evidence discovered thereunder resolved against her, it is not perceived how she, in view of this record, could hope for acquittal in another trial.

While the instruction as given is disapproved, as being incomplete, nevertheless we conclude that on the record as here presented prejudicial error has not been made to appear. *S. v. Bryant, supra.*

We have examined the rest of the defendant's exceptive assignments and find them to be without substantial merit. The verdict and judgment below will be upheld.

No error.

PARKER, J., took no part in the consideration or decision of this case.