STATE OF NORTH CAROLINA v. PAUL DAVID KELLY

No. 6927SC227

(Filed 18 June 1969)

**Criminal Law §§ 138, 144—  credit for invalid sentence — separate valid sentence**

Superior court judge had no authority to order that credit be given on defendant's valid sentence, which was previously imposed in another county by another judge, for the time which defendant had served on a separate invalid sentence.

ON certiorari from *Grist, J.,* 12 September 1968 Criminal Session, Superior Court of GASTON.

The State of North Carolina petitioned for a writ of certiorari to have the order entered by Grist, J., on 12 September 1968 reviewed by this Court.

On 24 August 1962 in the Gaston Superior Court, the defendant entered a plea of guilty to the crime of arson and was sentenced to be imprisoned for ten years. In August 1967 the defendant was paroled by the North Carolina Paroles Authority, and while he was on parole, five separate indictments charging breaking and entering and larceny were returned against the defendant in Martin County. On 11 June 1968 defendant entered guilty pleas to each of these charges, and the court, after consolidating the five cases for judgment, sentenced the defendant to be imprisoned for ten years. Upon the imposition of this sentence, defendant's parole was revoked and he, again, began serving time on the arson conviction.

On 29 July 1968, in a post-conviction hearing, it was determined that the defendant's constitutional rights were violated at the August 1962 trial for arson held in Gaston County and a new trial was ordered. The matter was calendared for trial at the September 1968 Session of the Gaston Superior Court. However, upon the call of the case, the solicitor announced that the evidence then available was the same evidence which was available at the original trial and that this evidence had been declared inadmissible at the post-conviction hearing. The solicitor, therefore, declined to prosecute. Following this statement by the solicitor, Grist, J., entered the following order:

> "It appearing to the court that the defendant was originally charged in this case with the crime of arson, in violation of G.S. 14-60; and it further appearing to the court that the defendant has been granted a new trial under a post-conviction review of the constitutionality of his original trial; and it further appearing to the court upon statement of the solicitor that the evidence which is available to the State is the same evidence which was originally used in the trial of the matter and which was declared invalid at the post conviction hearing; and it further appearing to the court upon statement of the solicitor, Honorable Henry M. Whitesides, that the defendant has served approximately six years in the penal system of the State of North Carolina; and it further appearing to the court that the defendant should be given credit for the time he has already served in the penal system of the State of North Carolina towards a sentence he is now serving which has heretofore been entered against the

defendant in Martin County, N. C., wherein he was convicted of the crime of breaking and entering, at the June 10, 1968, Term of Criminal Court for said county;

Now, THEREFORE, IT IS HEREBY ORDERED that the defendant, Paul David Kelly, be given credit by the Department of Correction for the time served in Case No. 4558 towards the service of his sentence entered at the June 10, 1968, Term of the Superior Court for Martin County, N. C., wherein the defendant was convicted of the crime of breaking and entering. IT IS FURTHER ORDERED that the defendant be forthwith returned by the sheriff of Gaston County to the Department of Correction."

*Attorney General Robert Morgan by Staff Attorney Dale Shepherd for the State.*

*Robert H. Forbes for defendant appellee.*

MORRIS, J.

This case presents for determination the question of whether a superior court judge may order that credit be given on a valid sentence, previously imposed in another county and by another judge, for time which a party has served on a separate invalid sentence. We think the answer is "no".

At the outset, we note that we are not dealing with a case in which the party has been tried, sentenced, and served part of the sentence and then obtained a new trial on the same charge. If this were the situation, it is clear that the defendant would be entitled to credit for time served under the previous sentence. *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371; and cases there cited.

We think the answer to the problem presented here may be derived by drawing an analogy to the situation in which a judge imposes a sentence, and then after term attempts to change this sentence in some manner. This may not be done, for it is stated in *State v. Gross,* 230 N.C. 734, 55 S.E. 2d 517:

"*As the term of court had not expired* the whole matter was *in fieri* and the right of the judge to modify, change, alter or amend the prior judgment, or to substitute another judgment for it, cannot be questioned. *S. v. Godwin,* 210 N.C. 447, 449, 187 S.E. 560; *S. v. McLamb,* 203 N.C. 442, 166 S.E. 507; *S. v. Manley,* 95 N.C. 661; *S. v. Stevens,* 146 N.C. 679, 61 S.E. 629; *S. v. Whitt,* 117 N.C. 804, 23 S.E. 452." (Emphasis added.)

Our interpretation of the North Carolina cases applied to this situation would logically result in holding that after the June 1968 Session of Superior Court of Martin County had ended, Judge Cohoon, the presiding judge, did not have the authority to modify the sentence imposed upon the defendant at that term. Obviously, if Judge Cohoon did not have the authority to alter the sentence after term, we cannot perceive of Judge Grist having the authority to alter the sentence at a session of court held in Gaston County three months after the Martin County session of court had ended.

While the judgment of Judge Cohoon was not before Judge Grist for attack or upon an allegation that it was erroneous, the practical effect of Judge Grist's order was to change the judgment entered by Judge Cohoon. A cardinal principle of law in this State has always been that a decision of one judge of the superior court is not reviewable by another judge of the superior court. "The power of one judge of the Superior Court is equal to and coordinate with that of another. A judge holding succeeding terms of a Superior Court has no power to review a judgment rendered at a former term upon the ground that such judgment is erroneous. *Phillips v. Ray*, 190 N.C., 152." *Newton and Co. v. Manufacturing Co.*, 206 N.C. 533, 536, 174 S.E. 449.

For the reasons stated herein, the order entered by Judge Grist on 12 September 1968 must be vacated.

Error.

CAMPBELL and BROCK, JJ., concur.