Campbell v. Trust Co.

BESS WOODARD CAMPBELL v. FIRST-CITIZENS BANK AND TRUST COMPANY, FORMERLY TRUSTEE U/W/O MOSES W. WOODARD

No. 7410SC732

(Filed 20 November 1974)

**Rules of Civil Procedure § 60— judgment of dismissal stricken — no finding of extraordinary circumstances**

Trial judge erred in striking out the judgment of dismissal entered against plaintiff by another superior court judge for failure of plaintiff to prosecute her action where there was no finding of any unusual or extraordinary circumstances which might explain plaintiff's failure, though the court did find that plaintiff was not represented by counsel when the action was first called for trial and dismissal was entered but she subsequently retained an attorney.

APPEAL by defendant from *McLelland, Judge,* 29 April 1974 Session of Superior Court held in WAKE County.

Heard in Court of Appeals 26 September 1974.

This action was begun on 29 October 1969 by issuance of summons with extension of time to file complaint. On 26 February 1970 the complaint was filed. In it plaintiff alleged defendant's mismanagement of a testamentary trust of which she was a beneficiary and sought an accounting plus actual and punitive damages.

On 25 January 1974, notice was mailed to interested parties of a special "clean-up" calendar the week of 18 February 1974 for cases filed before 1 January 1973. On 1 February 1974 Judge Henry A. McKinnon with plaintiff's consent signed an order relieving original counsel for plaintiff as attorneys of record.

Plaintiff's case was called for hearing on 20 February 1974, whereupon defendant moved to dismiss under Rule 41(b) of the Rules of Civil Procedure for failure to prosecute. Plaintiff was not represented by counsel at that time, but an attorney with whom she had discussed the case and whom she ultimately retained spoke in her behalf.

Judge McKinnon entered the following order of dismissal:

"This matter coming on to be heard and being heard before His Honor, Henry A. McKinnon, Senior Presiding Judge of the Superior Court of Wake County, acting under the provisions of Rule 2(g) of the General Rules of Practice for the Superior Courts, and upon the defendant's

motion under Rule 41(b) of the Rules of Civil Procedure; and it appearing to the Court that this action was commenced by the issuance of summons on 29 October 1969 with extension of time to file complaint being granted, that complaint was filed on 26 February 1970, that answer was filed on 28 April 1970; that discovery was commenced by the plaintiff on 29 June 1972 by serving written interrogatories on the defendant; that the filing of answers to all of the plaintiff's interrogatories was completed on 13 November 1972; that the deposition of the plaintiff was taken by the defendant on 26 April 1973; that the defendant has examined certain documents of the plaintiff 'pursuant to defendant's motion and court order of 6 June 1973; that deposition of Thomas G. Chapman, principal witness for the defendant was taken in New Orleans, Louisiana on 26 and 27 July 1973, at which latter deposition the plaintiff was represented by her attorney; and that since the taking of said latter deposition the plaintiff has made no further efforts to prosecute her action or to prepare it for trial, now, therefore

IT IS HEREBY CONSIDERED, ORDERED AND ADJUDGED that the plaintiff's action be dismissed for failure to prosecute, and that the costs be taxed against the plaintiff but without prejudice to the right of the plaintiff, within six months of the date of this order, to commence a new action based on the same claim, on condition that the plaintiff first pay the costs of this action, and the further condition that the plaintiff permit the written interrogatories of the plaintiff to the defendant and the defendant's answers thereto previously filed in this action, the deposition of the plaintiff taken on 26 April 1973 and the deposition of Thomas Gibbs Chapman taken on 26 and 27 July 1973, transcripts of which depositions have been filed in this action, and all other matters of discovery which have been completed in this action to be used in any such new action in the same manner and to the same extent as such interrogatories, answers and depositions could have been used in this action, and neither party shall again conduct discovery as to any of said matters.

This 21 day of February 1974.

HENRY A. MCKINNON
Judge Presiding"

On 28 March 1974 plaintiff with new counsel moved to set aside the order of dismissal. After hearing the motion on 1 May 1974 Judge D. M. McLelland entered the following order:

"THIS CAUSE COMING ON TO BE HEARD and being heard before the undersigned Judge Presiding at the April 29, 1974 Civil Session of the Superior Court Division of the General Court of Justice, Wake County, North Carolina, upon Motion of plaintiff to set aside the Judgment previously entered in this cause on February 17, 1974; and it appearing to the Court that said Judgment should be set aside and this Cause re-instated on the trial docket, ~~in the discretion of the Court~~, for the reason that plaintiff was not represented by counsel during the period February 1, 1974 to and including February 17, 1974 but made this Motion with diligence upon retaining substitute counsel, ~~and for other causes and reasons;~~

IT IS THEREFORE, ORDERED that the Judgment entered in this cause on February 17, 1974 be and the same is hereby stricken and that this cause be re-instated upon the civil issue docket of the Superior Court Division, General Court of Justice of Wake County, North Carolina for further proceedings, trial and disposition.

This the 1st day of May, 1974.

s/ D. M. McLELLAND
Judge Presiding"

[The date 17 February 1974 should read 20 February 1974.]

From the order of Judge McLelland setting aside the judgment of dismissal, defendant appealed.

*Boyce, Mitchell, Burns and Smith, by Eugene Boyce, for plaintiff appellee.*

*Harris, Poe, Cheshire, and Leager, by Samuel R. Leager, for defendant appellant.*

BALEY, Judge.

Motions to set aside a final judgment are governed by Rule 60(b) of the North Carolina Rules of Civil Procedure which provides in pertinent part:

"On motion and on such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect;

. . . .

"(6) Any other reason justifying relief from the operation of the judgment."

Our Supreme Court has stated that "[i]f a movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b) he need not specify if his 'motion is timely and the reason justifies relief.' 7 Moore's Federal Practice § 60.27(2) (2d ed. 1970)." *Brady v. Town of Chapel Hill*, 277 N.C. 720, 723, 178 S.E. 2d 446, 448. Under either clause the movant must show he has a meritorious cause of action. *Id.; Kirby v. Contracting Co.*, 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied*, 278 N.C. 701, 181 S.E. 2d 602.

After final judgment was entered in this case dismissing plaintiff's action, she then retained counsel who, with diligence, made a motion to set aside the judgment. The order of Judge McLelland which granted the motion and set aside the judgment was not based upon the finding of any mistake, inadvertence, surprise, or excusable neglect. The only reason assigned for his order was that plaintiff was not represented by counsel during the period 1 February 1974 to and including 17 [20] February 1974 when the case was called for hearing. It is significant that the court struck from the drafted order the words "in the discretion of the court" and "for other causes and reasons," thus relying solely upon the fact that plaintiff was not represented by counsel at the time her action was dismissed.

Plaintiff was aware of her scheduled trial and the need to obtain legal counsel in sufficient time to procure such representation. She had consented to the court order on 1 February 1974 which relieved her attorneys from their obligation to appear for her, and there is no finding that any diligent effort was made to secure other legal services. The absence of counsel for plaintiff was before the court and considered when the original judgment of dismissal was entered. Plaintiff did not appeal from that dismissal order or petition for certiorari, but chose to present to a second superior court judge upon motion to set aside the judgment the identical circumstances which re-

---

Campbell v. Trust Co.

---

sulted in the original dismissal for failure to prosecute her action. The only change was that plaintiff had now retained an attorney.

In *Bank v. Hanner,* 268 N.C. 668, 670, 151 S.E. 2d 579, 580, our court said:

> "The power of one judge of the superior court is equal to and coordinate with that of another, and a judge holding a succeeding term of court has no power to review a judgment rendered at a former term on the ground that the judgment is erroneous. No appeal lies from one superior court judge to another."

*See also State v. Jones,* 278 N.C. 259, 179 S.E. 2d 433; *State v. Kelly,* 5 N.C. App. 209, 167 S.E. 2d 881.

While Rule 60 (b) (6) has been described as "a grand reservoir of equitable power to do justice in a particular case," 7 Moore's Federal Practice § 60.27 (2), at 375 (2d ed. 1974), there is no compelling reason shown in this case for the exercise of such equitable power. There is no finding of any unusual or extraordinary circumstances which might explain plaintiff's failure to prosecute her action. The judgment of dismissal was entered without prejudice to the right of plaintiff to institute a new action within six months under certain prescribed conditions which were not unreasonable.

The order of Judge McLelland striking out the judgment of dismissal and reinstating this cause upon the civil issue docket in the Superior Court of Wake County is reversed.

Reversed.

Judges BRITT and HEDRICK concur.