PAUL L. WHITFIELD v. WALTER WAKEFIELD, D/B/A THE OLD BOOK
STORE

No. 8026DC710

(Filed 3 March 1981)

1. **Courts §9.6; Rules of Civil Procedure § 60– motion to set aside default judgment
   – appearance by defendant – prior ruling by another judge**

   In ruling on a Rule 60(b)(6) motion to set aside a default judgment, the
   trial court had no authority to determine whether defendant had made an
   appearance in the case where the trial court which entered the default
   judgment had previously ruled that defendant had made no appearance.

2. **Rules of Civil Procedure § 60.2– motion for relief from default judgment –
   failure to give written notice of application for default**

   The trial court had no authority under Rule 60(b)(6) to set aside a default
   judgment against a nonresident defendant who was properly served with
   process by registered letter on the ground that a letter sent to plaintiff by
   defendant constituted an appearance and defendant received no written
   notice of plaintiff's application for judgment by default as required by Rule
   55(b)(2).

APPEAL by plaintiff from *Lanning, Judge.* Order entered 6
May 1980 in District Court, MECKLENBURG County. Heard in the
Court of Appeals 10 February 1981.

This is a civil action wherein plaintiff seeks damages aris-
ing out of plaintiff's purchase of certain antique books from
defendant. Plaintiff filed a verified complaint on 30 November
1977 in which plaintiff prayed that he have and recover a total
of $2,500 in damages from defendant. In accordance with Rule
4(j)(9)b of the North Carolina Rules of Civil Procedure, plaintiff
sent a summons and a copy of his complaint by registered mail
to defendant, a resident of New Hampshire. The summons and
complaint were received by defendant on 14 December 1977.
Plaintiff then received from defendant a letter dated 14 Decem-
ber 1977 acknowledging the receipt of "your 'civil summons'"
and stating that plaintiff's contentions "do not constitute any-

Whitfield v. Wakefield

thing except rhetoric." The letter further provided that "[i]f I do hire an attorney to present in your local court a case, certainly he will have these contradictory statements of yours & supporting evidence, as well as a docier [sic]" and that "[o]ur lawyer thought your 'civil summons' highly laughable & a disgrace."

Upon plaintiff's request, the assistant clerk of Mecklenburg County Superior Court made an entry of default on 20 January 1978. Plaintiff moved for judgment by default, and after a hearing in the District Court on 27 January 1978, Judge Cantrell made the following pertinent findings of fact:

1. That this was an action instituted by the filing of Summons and Complaint on November 30, 1977.

2. That a copy of the Summons and Complaint were duly served on the defendant pursuant to the provisions of North Carolina General Statute 1A-1, Rule 4(j)(9)b, and that a copy of the Summons and Complaint were, in fact, received by the defendant on December 14, 1977.

3. That the defendant has filed no responsive pleadings, has requested no extension of time, and has otherwise failed to appear in the cause, and entry of default herein was entered by the Clerk of of the District Court for Mecklenburg County on the_____day of January, 1978.

4. That this Court has jurisdiction of the subject matter and of the defendant.

. . .

Based on these findings, the court concluded that plaintiff was entitled to entry of default and judgment by default and on 31 January 1978 entered a default judgment awarding plaintiff damages in the sum of $2,000 and costs.

Some nineteen months later, on 10 September 1979, defendant made a motion to set aside the default judgment entered 31 January 1978 "for the reason that defendant appeared on the case by way of correspondence sent to the plaintiff on December 14, 1977, which referred to the Summons and Complaint which responded to the allegations and gave reasons for the denial of plaintiff's claim." Defendant also alleged in his motion that this correspondence constituted an "answer" and that plaintiff did

not advice defendant of the hearing on the entry of default and the default judgment prior to the time of the hearing. Defendant further averred a "good and meritorious defense" and submitted a "proposed Answer of Defendant."

After a hearing in the District Court on defendant's motion, Judge Lanning made the following pertinent findings of fact:

1. The motion is made within a reasonable time of the entry of default judgment.

.   .   .

4. The defendant was personally served in this matter by registered mail on or about December 14, 1977.

5. On or about December 14, 1977, as a result of the service of the Complaint the defendant mailed a letter to the plaintiff which was received by the plaintiff and was presented by plaintiff to the court at the hearing of plaintiff's motion for default judgment on January 31, 1978.

6. The contents of the letter are not an answer to plaintiff's Complaint, but the letter, mailed to and received by plaintiff, is an appearance by defendant in the action.

7. The defendant did not receive any written notice of the hearing of the motion for entry of default judgment.

Based on these findings, Judge Lanning concluded:

1. The defendant's letter of December 14, 1977 constituted an appearance in accordance with Rule 4 of the North Carolina Rules of Civil Procedure. The contents of the letter do not constitute an answer to the plaintiff's Complaint.

2. Defendant received no written notice of the application of plaintiff for judgment as required by Rule 55(b)(2) of the North Carolina Rules of Civil Procedure.

3. The entry of default judgment should be set aside in accordance with the provisions of Rule 60(b) of the North Carolina Rules of Civil Procedure.

From the order of Judge Lanning that the default judgment be set aside, plaintiff appealed.

*Rodney W. Seaford, for the plaintiff appellant.*

*Weinstein, Sturges, Odom, Groves, Bigger, Jones & Campbell, by Allen W. Singer and William H. Sturges, for the defendant appellee.*

HEDRICK, Judge.

We note at the outset that defendant's motion, dated 10 September 1979, "to set aside the default and Default Judgment entered herein on January 31, 1978 ... " does not contain the rule pursuant to which the motion was made as contemplated by Rule 6 of the General Rules of Practice for the Superior and District Courts; nevertheless, the trial judge purported to set aside the *final judgment* entered on 31 January 1978 pursuant to Rule 60(b). Obviously, subsections (1-5) of Rule 60(b) have no application in this case. Therefore, we must assume that the trial judge purported to set the 31 January 1978 judgment aside pursuant to Rule 60(b)(6).

[1] Plaintiff in his brief argues that "it was inappropriate for Judge Lanning to rule upon the question of the defendant's appearance," since the original trial judge, Judge Cantrell, had considered this question and in the 31 January 1978 judgment had made a finding of fact with respect to that question as follows:

> 3. That the defendant has filed no responsive pleadings, has requested no extension of time, and has otherwise failed to appear in the cause, ...

We agree. Motions under Rule 60(b)(6) cannot be used as a substitute for appellate review. *O'Neill v. Southern National Bank,* 40 N.C. App. 227, 252 S.E. 2d 231 (1979); *Waters v. Qualified Personnel, Inc.,* 32 N.C. App. 548, 233 S.E. 2d 76 (1977), *rev'd on other grounds,* 294 N.C. 200, 240 S.E. 2d 338 (1978). Judge Lanning's finding that the letter sent from defendant to plaintiff on or about 14 December 1977 constituted an "appearance," such that defendant was entitled under Rule 55(b)(2) to three days' notice of the hearing on plaintiff's application for a judgment by default, is clearly a reversal of Judge Cantrell's earlier ruling. Assuming arguendo that Judge Cantrell's finding that defendant had made no appearance was erroneous, Judge Lanning, in ruling on defendant's Rule 60(b) motion, had no authority to substitute his own finding regarding defendant's appearance and set aside the default judgment. *Waters v. Qualified*

*Personnel, Inc., supra; Campbell v. First Citizens Bank and Trust Co.*, 23 N.C. App. 631, 209 S.E. 2d 556 (1974).

**[2]** Although the trial court has broad equitable power to vacate judgments pursuant to Rule 60(b)(6) whenever such action is appropriate to accomplish justice, the trial court cannot do so without a showing based upon competent evidence that justice requires it, *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *disc. review denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976), and only in extraordinary circumstances, *Standard Equipment Co., Inc. v. Albertson*, 35 N.C. App. 144, 240 S.E. 2d 499 (1978); *Campbell v. First Citizens Bank and Trust Co., supra.* In the present case, defendant made no showing that justice required that Judge Lanning set aside the default judgment entered by Judge Cantrell on 31 January 1978. Judge Lanning's order setting aside the January 1978 judgment soley for what Judge Lanning perceived to be a violation of the technical requirements of Rule 55(b)(2) is of far less significance than defendant's failure to take due notice of the lawful process of the courts when he failed to answer or otherwise appear, and when he merely referred to the summons served upon him as "highly laughable & a disgrace." Certainly, as well, the situation in the present case is not one of the "exceptional circumstances" necessary for the imposition of Rule 60(b)(6) as contemplated in *Standard Equipment Co., Inc. v. Albertson, supra*, and *Campbell v. First Citizens Bank and Trust Co., supra.*

We therefore conclude that Judge Lanning had no authority to set aside the judgment by default.

The order setting aside the judgment dated 31 January 1978 is vacated and the cause is remanded to the District Court for the entry of an order reinstating the 31 January 1978 judgment of Judge Cantrell.

Vacated and remanded.

Judges WEBB and HILL concur.