STATE v. ARTHUR PATTON, JR.

(Filed 18 March, 1942.)

**1. Statutes § 9—**

Objection on the ground that the warrant charged defendant with the violation of a statute which had been repealed is untenable when it appears that the statute upon which the warrant was drawn had been amended by an act which did not change the language defining the offense but only changed provisions relating to the counties in which the act should be applicable, and that the statute was applicable to the county in which defendant committed the acts proscribed both before and after its amendment. C. S., 4310, as amended by ch. 258, Public Laws 1941.

**2. Fires § 4—**

Evidence that the county in which defendant negligently or willfully started forest fires was in charge of the State Forest Service and that therefore C. S., 4310, as amended by ch. 258, Public Laws 1941, was applicable to the county, defendant having offered no evidence to the contrary, *is held* sufficient, and defendant's exception based upon the amendment of the statute cannot be sustained.

**3. Criminal Law § 64—**

While the trial judge has the discretionary power to change the sentence during the term, where it appears of record that after prayer for judgment was continued, with defendant's consent, upon specified terms, the court, upon learning of defendant's intention to appeal, struck that judgment out and imposed a jail sentence, the cause will be remanded for resentence, since defendant's exercise of his right to appeal, C. S., 4650, should not prejudice him in any manner.

**4. Criminal Law § 68b—**

Defendant's consent to the terms upon which prayer for judgment is continued does not waive his right to appeal.

APPEAL by defendant from *Phillips, J.,* at September Term, 1941, of McDOWELL. Remanded.

The defendant was charged with willfully or negligently setting woods on fire, in violation of C. S., 4310, as amended by ch. 258, Public Laws 1941.

The jury returned verdict of guilty. The defendant moved to set aside verdict and for new trial. The motion was denied and defendant excepted. Thereupon the following proceedings were had: "The court said: 'Upon motion of the defendant and by his consent, prayer for judgment is continued for twelve months on condition defendant be of general good behaviour and that he pay into the office of the Clerk of the Superior Court a fine of $25.00 and costs. If it is made to appear to the court that the defendant has not been of general good behaviour and has violated any of the laws of the State, the Solicitor is directed to pray the judgment of the Court.' Counsel for defendant: 'May I make my appeal entries?' Thereupon Judge Phillips made the following statement: 'Strike the judgment out,' and dictated the following judgment: 'That the defendant be confined in the common jail of McDowell County for a term of ninety days,' and to which judgment the defendant promptly excepted and appealed to the Supreme Court of North Carolina."

*Attorney-General Harry McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Charles Hutchins for defendant.*

DEVIN, J. The defendant assigns as error certain rulings of the court below relating to the admission of testimony, but upon examination we find the exceptions without substantial merit. The motion for judgment as of nonsuit was properly denied.

The statute for violation of which this defendant was convicted, C. S., 4310, was amended by ch. 258, Public Laws 1941, but the language defining the acts made unlawful, as charged in the warrant, was unchanged. The original statute applied only to McDowell and certain other counties. The amendment made the provisions of the act statewide, but applicable "only in those counties under the protection of the State Forest Service in its work of fire control." There was evidence tending to show that those in charge of the State Forest Service for the purpose of fire control were exercising their functions in the county within which fires were alleged to have been set out by the defendant, and that this case was investigated and prosecuted as a duty imposed upon this agency of the State in McDowell County. The defendant offered no evidence to the contrary. The exception based upon the amendment of the statute cannot be sustained.

However, it appears from the record that after the trial judge had imposed sentence that the prayer for judgment be continued on condition

that the defendant be of good behaviour and pay a fine of $25.00 and the costs, the defendant gave notice of appeal. Thereupon the judge ordered the previous judgment stricken out and imposed a sentence of ninety days in jail.

While undoubtedly the presiding judge had the power to change his judgment at any time during the term in his sound discretion (*S. v. Godwin,* 210 N. C., 447, 187 S. E., 560), yet it seems here, under the circumstances described in the record, the action of the judge was induced by the defendant's expression of his intention to appeal. This tended to impose a penalty upon the defendant's right of appeal and to affect the exercise of his right to do so. C. S., 4650; *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9; *S. v. Burgess,* 192 N. C., 668, 135 S. E., 771.

It may be noted that in the same statute wherein provision was made for the organization of this Court, in 1818, it was declared that appeals might be taken from the sentence or judgment of the Superior Court "in any cause of action, civil or criminal," thus establishing the policy, ever since adhered to, of unlimited right of appeal to the Supreme Court by any party aggrieved. This right ought not to be denied or abridged, nor should the attempt to exercise this right impose upon the defendant an additional penalty or the enlargement of his sentence. Doubtless the trial judge felt impelled to change the sentence by the fact that he understood the defendant had consented to the judgment first imposed. But the defendant's consent to the terms of the judgment did not constitute a waiver of his right of appeal for errors to be assigned. The defendant would have had the right to appeal even if he had pleaded guilty. In *S. v. Calcutt, supra,* the judgment, which was imposed after the defendant in that case had pleaded guilty, was held to affect his right of appeal and was stricken out for that reason. In the language of *Chief Justice Stacy,* "His appeal was allowed, and it is not to be supposed that any penalty was attached thereto or imposed as a result thereof."

In *Meaders v. The State,* 96 Ga., 299, where the sentence was increased upon the defendant's giving notice of appeal, the Court said: "As a general rule, the judgments of a court are within its breast until the end of the term, and a sentence may be amended at any time during the term and before execution has begun (citing authorities). But while the court had a right to change the sentence at the time he did, it was not proper to change it because counsel for the accused gave notice of an intention to move for a (new) trial. The presumption is that the sentence first imposed was in the opinion of the court a proper punishment for the offense, and no further reason for changing it appears from the record than that stated in the bill of exceptions."

In *Huff v. Huff,* 73 W. Va., 330, a provision in the judgment of the trial court that the defendant should be penalized in case application

for appeal should be made was held to unduly restrain the right of appeal. In *S. v. Pallotti,* 119 Conn., 70, the sentence was modified to conform to the previously expressed intention of the court. In *S. v. McLamb,* 203 N. C., 442, 166 S. E., 507, the sentence first imposed was increased during the term and after notice of appeal had been given, but the record in that case discloses that this was done on motion of the solicitor, upon notice to the defendant, and after the hearing of additional evidence as to the character of the defendant.

While in *Nichols v. U. S.,* 106 F., 672, upon facts similar to those in the case at bar, a different result obtained, the court there used this language: "The bill of exceptions does not show that the first sentence was set aside, and the second imposed, doubling the period of imprisonment, because the defendant had declared his intention of appealing the case. A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the rights of the defendant."

We find no error in the trial, but for the reason stated we think the sentence imposed should be stricken out and the case should be remanded for resentence, and it is so ordered.

Remanded.