STATE v. PEB BOSTIC, ALIAS F. O. BOSTIC.

(Filed 28 September, 1955.)

1. **Criminal Law § 78e (1): Appeal and Error § 6c (5)—**

   Exceptions to the charge denoted only by the word "Exception" in parenthesis at the end or in the middle of a paragraph of the charge, and an assignment of error that the court erred in improperly stating the nature of the charges against defendant, fail to point out the alleged errors in the charge with the definiteness and certainty required by Rule 19 (3).

2. **Criminal Law § 81c (2)—**

   In a prosecution for possession of tax-paid whiskey for the purpose of sale, and selling tax-paid whiskey, an inadvertence in the charge referring to the whiskey as nontax-paid whiskey, immediately corrected by the court, is not prejudicial, since the offenses are not dependent upon whether the whiskey was tax-paid or untax-paid.

3. **Criminal Law § 62f—**

   Where defendant's counsel gives notice of appeal immediately upon the pronouncement of a suspended sentence, modification of the sentence is necessary and appropriate because of the refusal of the defendant to consent thereto, and such modification will not be held for error when there is no suggestion that defendant was being penalized for announcing his intention to appeal.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Clarkson, J.,* at April Term, 1955, of GASTON.

The defendant was charged in two bills of indictment with the unlawful possession and sale of intoxicating liquor.

The bills of indictment were identical in language except for the dates of the offenses charged, one being on 25 February, 1955, and the other 13 April, 1955. Both bills charged on the respective dates:

(a) Unlawful possession of tax-paid whiskey;

(b) Possession of tax-paid whiskey for the purpose of sale;

(c) Sale of tax-paid whiskey;

(d) Possession for sale and selling liquor purchased from legal liquor store.

The court submitted to the jury only two counts in each bill, viz.: Possession of tax-paid whiskey for the purpose of sale, and selling tax-paid whiskey.

The jury returned verdict of guilty as charged in both cases.

Judgment was rendered in manner and form following:

"In 9277 let the defendant be confined to the Gaston County Jail and assigned to work the roads under the supervision of the State Highway & Public Works Commission for a term of six months.

"In Case No. 9278, let the defendant be confined in the County Jail of Gaston County and assigned to work the roads under the supervision of the State Highway & Public Works Commission for a term of twelve months, to commence at the expiration of the sentence in 9277. This sentence, however, to be suspended, by and with the consent of the defendant and that of his counsel, upon the following conditions: That the sentence be suspended for a period of five years, conditioned upon the defendant's paying a fine of $1,000.00 and the costs of this action, plus the sum of $10.00 for the general fund for law enforcement purposes in the County of Gaston; on the further condition that the defendant not have in his possession during the term of the suspension any intoxicating beverages of any kind."

"Mr. Childers: The defendant gives notice of appeal."

"Court: Well, if the defendant and his counsel do not agree to the suspended sentence, I cannot give him a suspended sentence with those conditions attached, unless they agree to it."

"Mr. Childers: We do not agree to it, and give notice of appeal."

"Court: Strike out the latter judgment, and let the record show that the court finds the following facts: That after the Court had announced the sentence in 9277, he proceeded to announce the sentence in 9278,

and suspended it, thinking that the defendant and his counsel were consenting to the terms, but when counsel for defendant announced to the Court that they would not and the defendant would not consent to the imposition of a suspended sentence, the Court ordered the same stricken out, and the Court further finds as a fact that the suspension was never consented to by counsel for defendant, nor the defendant, and that prior to the announcement of the suspended sentence the active sentence in 9277 had already been announced; also that after the Court had indicated it would change the amount of the fine from $1,000 to $500 in 9278, counsel for defendant were allowed to retire and consult their client to see if he would consent, and they returned and said that he would not consent.  Whereupon the Court entered the following and final judgment as follows:  Strike out sentence in both cases and enter the following judgment:  The cases, Nos. 9277 and 9278, are consolidated for judgment.  The Judgment of the Court is that the defendant be confined in the Gaston County jail and assigned to work the roads under the supervision of the State Highway & Public Works Commission for a term of not less than nine nor more than twelve months."

Defendant appealed assigning errors.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*
*Max L. Childers and Hugh W. Johnston for defendant, appellant.*

DEVIN, J.   The defendant noted exception in several instances to the ruling of the trial judge with respect to the testimony offered, and has brought these forward in his assignments of error.  We have examined each of these exceptions and conclude that none of them can be sustained.  Likewise defendant's motion for judgment as of nonsuit was properly denied.

Defendant assigns error in the court's charge to the jury in several aspects, set out more fully in his brief.  We note, however, from the record that the particular portions of the charge to which the defendant desires to except, and as to which he assigns error, are not definitely pointed out, save that at the end or in the middle of a paragraph appears in parenthesis the word "Exception," while the assignment of error merely sets forth, *e.g.,* "that the court erred in improperly stating the nature of the charges against the defendant."   Objectionable instructions are not "pointed out with the definiteness and certainty required by Rule 19 (3)."   *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916; *S. v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322.

Nevertheless we have examined the entire charge of the court and find that in no respect was it unfair or prejudicial to the defendant.

21—242

The defendant complains that the court's instructions as to the different counts in the two bills were confusing to the jury, but we think the court clearly pointed out the two charges in each bill which he was submitting for their decision. These were possession of tax-paid whiskey for the purpose of sale, and selling tax-paid whiskey. The court sufficiently protected the rights of the defendant by charging that the jury could return verdicts of guilty or not guilty as to each of these counts, as they should find the facts from the evidence, the burden being on the State to satisfy them in each instance of the guilt of the defendant beyond a reasonable doubt. True, the court inadvertently referred to the bills as charging possession and sale of nontax-paid whiskey, instead of tax-paid whiskey, but immediately corrected himself and stated the charge accurately. As the possession of whiskey for the purpose of sale and the sale thereof, whether tax-paid or untax-paid, is unlawful under the statutes except as authorized by the Alcoholic Beverage Control Acts, no harm resulted to the defendant.

In none of the particulars called to our attention do we perceive any prejudicial error of which the defendant can justly complain.

The exception noted by the defendant to the action of the court in changing the sentence in the second case after the defendant had given notice of appeal cannot avail the defendant on this appeal. The record does not sustain the suggestion that the defendant was being penalized for announcing his intention to appeal, as was the case in *S. v. Patton,* 221 N.C. 117, 19 S.E. 2d 142. On the contrary the refusal by the defendant to consent to the terms rendered the modification necessary and appropriate. *S. v. Cagle,* 241 N.C. 134, 84 S.E. 2d 649.

In the trial and judgment we find

No error.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.