STATE OF NORTH CAROLINA v. BOBBY LOWRY

No. 7116SC54

(Filed 31 March 1971)

1. Criminal Law § 150— right of defendant to appeal
     The right of appeal by a convicted defendant from a final judgment is unlimited and is a substantial right. G.S. 15-180.

2. Criminal Law § 150— penalty for appeal by defendant
     The trial judge may not impose a penalty on the exercise of the right to appeal.

3. Criminal Law § 150— increase in sentence — penalty for appeal
     A trial judge may increase the sentence given a defendant only where the record does not sustain the suggestion that defendant was being penalized for announcing his intention to appeal.

**4. Criminal Law §§ 144, 150— increase of sentence to statutory minimum — penalty for appeal**

It was error for the trial court, subsequent to notification of defendant's intention to appeal his conviction of felonious escape, to strike defendant's original sentence of forty-five days and impose a sentence of six months, the statutory minimum for the crime of felonious escape, where the record indicates that the greater sentence may have been imposed because defendant exercised his right to appeal.

APPEAL by defendant from *Braswell, Superior Court Judge,* 4 September 1970 Session of ROBESON County Superior Court.

Defendant was charged in a valid bill of indictment with felonious escape. He appeared in court and entered a plea of guilty and was sentenced on 31 August 1970 to forty-five days in the Robeson County Jail. Defendant was committed to the jail to begin serving his sentence. The defendant, while in jail and while the court was still in session, notified the court of his desire to appeal. He was brought into court and notified that the minimum sentence for felonious escape was set by statute at six months and that the forty-five day sentence would be stricken upon motion of the Solicitor and a new sentence of six months would be imposed. Defendant requested time to consider and counsel was appointed for him. After consideration, defendant informed the court that he wished to pursue his appeal. The court then, on motion of the Solicitor on 4 September 1970, ordered the former judgment stricken and imposed the minimum sentence of six months as provided by statute.

From the judgment of the court dated 4 September 1970 imposing the minimum statutory sentence of six months, the defendant appeals to this Court.

*William S. McLean for defendant appellant.*

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

CAMPBELL, Judge.

Defendant contends that it was error for the trial judge, subsequent to notification of defendant's intention to exercise his right to appeal, to strike the original sentence of forty-five days and to impose a sentence of six months even though the statutory minimum for the crime committed is six months.

**[1, 2]** " 'In criminal cases the right of appeal by a convicted defendant from a final judgment is unlimited in the courts of North Carolina. This right of appeal is a substantial right. G.S. 15-180 . . . . ' " *State v. May,* 8 N.C. App. 423, 174 S.E. 2d 633 (1970). The Supreme Court of North Carolina has held that the trial judge may not impose a penalty on the exercise of the right to appeal. *State v. Patton,* 221 N.C. 117, 19 S.E. 2d 142 (1942); *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651 (1966).

**[3]** A trial judge may increase the sentence given a defendant only where the record does not sustain the suggestion that the defendant was being penalized for announcing his intention to appeal. *State v. Bostic,* 242 N.C. 639, 89 S.E. 2d 261 (1955).

**[4]** In the present case, the record contains the following:

> "After the pleas and original sentence on August 31, 1970 the Court received a written note from the defendant who was in jail, notifying the Court of his desire to appeal. He was thereafter brought into Court on two or more occasions at which time he was advised that the 45-day sentence would necessarily be stricken on motion by the Solicitor and that a new sentence of 6 months, the minimum sentence for the crime which he was charged, would be entered; that the defendant requested time to consider it and confer; that he was thereafter brought into Court and the Honorable William S. McLean was appointed to confer with him with reference to his appeal or the withdrawal of same. After said conference the defendant insisted on his appeal, whereupon on motion of the Solicitor that the former judgment be stricken for that it was not authorized by statute and that the minimum sentence as provided by statute be imposed was granted and that on September 4, 1970 the original sentence was stricken and judgment and commitment was entered and ordered . . . . "

Here, the record indicates that one of the reasons for the imposition of the greater sentence may have been as a penalty because of the appeal of the defendant. The defendant was brought into court on at least two occasions prior to the imposition of the six months' sentence and was warned that the statutory minimum was six months. It was only after the defendant announced his decision to appeal that the greater sentence was imposed. The State contends that the trial judge intended nothing more than to correct the sentence imposed and bring it within

the statutory limits. This may be so but it was incumbent upon the trial judge to correct the sentence in such a manner as to preclude any inference that the greater sentence was given as a penalty for exercising the right of appeal. By proceeding in the manner in which he did, the trial judge allowed the inference that the greater sentence was imposed as a penalty. Such an inference has a chilling effect on the exercise of the right to appeal and cannot be tolerated. *State v. Patton, supra; State v. Rhinehart, supra.*

The defendant is now entitled to the benefit of the lesser sentence of forty-five days, and it is so ordered.

Modified and affirmed.

Judges BRITT and HEDRICK concur.