IN THE MATTER OF ROBERT LEE MOSES, JUVENILE

No. 7226DC821

(Filed 20 December 1972)

**Criminal Law § 150— substitution of commitment of juvenile for probation — infringement of right to appeal**

It was error for the court to strike a judgment in which prayer for judgment was continued and a juvenile was placed on probation and to substitute therefor a judgment committing the juvenile to the custody of the Board of Youth Development for an indeterminate time where it appears from the record that the order of commitment was induced by defendant's expression, through counsel, of his intention to appeal an order of the court that he shave and cut his hair, the court's action being an infringement of defendant's right to appeal.

APPEAL by respondent from *Beachum, District Judge,* 10 August 1972 Session of District Court held in Mecklenburg County.

On 19 June 1972, Thomas F. McCall, III filed a juvenile petition in Mecklenburg County District Court alleging that on 31 May 1972 he was assaulted in the hallway of Smith Junior High School by respondent, a child under the age of sixteen. A hearing on the petition was held before Judge Clifton Johnson on 20 July 1972. Judge Johnson adjudged respondent a delinquent child and ordered the case continued for judgment.

On the morning of 10 August 1972 defendant and his counsel appeared before Judge Beachum for judgment. The proceedings before Judge Beachum were not recorded; however, stipulations appearing in the record tend to show that after the evidence that had been presented in the previous hearing was summarized, Judge Beachum instructed the clerk that prayer for judgment was continued and that respondent was to be placed on probation without report for an indeterminate period of time. The judge then ordered respondent to return to court that afternoon ". . . with your hair cut not longer than

one-half inch and your face shaved," or words to that effect. The juvenile's counsel moved that this order be stricken, and when the court refused to strike the order, gave notice of appeal "insofar as the juvenile is ordered to shave and cut his hair." Following this notice of appeal, the court instructed the clerk to enter a new order committing respondent to the custody of the Board of Youth Development for an indeterminate period of time. Respondent appeals from judgment containing this order.

*Attorney General Morgan by Associate Attorney Silverstein for the State.*

*Mraz, Aycock & Casstevens by Frank B. Aycock III for juvenile Robert Lee Moses.*

GRAHAM, Judge.

The judgment ordering respondent committed to the Board of Youth Development for an indeterminate period of time must be vacated and the cause remanded for resentencing.

It has been repeatedly held in this jurisdiction that a defendant's right to appeal may not be denied or abridged, nor may his attempt to exercise this right impose upon him an additional penalty or an enlargement of his sentence. *State v. May*, 8 N.C. App. 423, 174 S.E. 2d 633, and cases cited therein. It appears from the circumstances described in the record that the action of the trial judge in ordering defendant committed for an indeterminate period was induced by defendant's expression, through counsel, of his intention to appeal the order to cut his hair and shave. The State candidly agrees that such practice has been specifically rejected in this State and in its brief quotes from *State v. Patton*, 221 N.C. 117, 118-19, 19 S.E. 2d 142, 143-44, as follows:

> "However, it appears from the record that after the trial judge had imposed sentence that the prayer for judgment be continued on condition that the defendant be of good behaviour and pay a fine of $25.00 and the costs, the defendant gave notice of appeal. Thereupon the judge ordered the previous judgment stricken out and imposed a sentence of ninety days in jail.
>
> While undoubtedly the presiding judge had the power to change his judgment at any time during the term in

his sound discretion *(S. v. Godwin,* 210 N.C., 447, 187 S.E., 560), yet it seems here, under the circumstances described in the record, the action of the judge was induced by the defendant's expression of his intention to appeal. This tended to impose a penalty upon the defendant's right of appeal and to affect the exercise of his right to do so. . . .

. . . This right ought not to be denied or abridged, nor should the attempt to exercise this right impose upon the defendant an additional penalty or the enlargement of his sentence."

We find the instant case indistinguishable from *Patton.*

The subject of "hair" apparently continues, in some instances, to be a source of irritation between persons of different generations. The respondent seeks a decision as to whether a juvenile court may lawfully order him to cut his hair and shave. Since the court's order to this effect was stricken, the question is not before us, and until it is properly presented, we will devote our attention to problems of greater moment. Perhaps the question will never arise, for in most instances juvenile courts will undoubtedly find that there are other probationary conditions which are as well designed to rehabilitate a delinquent and assist him in leading a law abiding life as the requirement that he cut his hair and shave.

Judgment vacated and case remanded.

Judges CAMPBELL and BROCK concur.