STATE OF NORTH CAROLINA v. DOUGLAS REYNOLDS

No. 736SC812

(Filed 9 January 1974)

1. **Intoxicating Liquor § 19— instructions — requiring proof of possession and sale**

   Defendant was not prejudiced by the court's charge requiring the State to prove both possession and sale of non-taxpaid liquor in order for defendant to be found guilty under the warrant in this case.

2. **Criminal Law § 150— threat of active sentence if defendant appealed — denial of right to appeal**

   Defendant was denied his unlimited right to appeal when the court informed defendant that sentence would be suspended unless he decided to appeal, in which case an active sentence would be imposed.

APPEAL from *Copeland, Judge,* 16 July Session, HERTFORD County Superior Court.

Defendant was charged with possession of non-tax-paid whiskey for purpose of sale, and he entered a plea of not guilty. The State presented evidence which tended to show that Officer Robinson of the North Carolina A.B.C. Board went to the premises of defendant and inquired of defendant the price of a pint of liquor. Defendant quoted a price, the two men agreed on a sale, and defendant returned two or three minutes later with a pint of whiskey. A.B.C. Officer Price testified that he received the bottle from Officer Robinson on the date of the purchase, and that in his opinion it contained non-tax-paid whiskey.

At the close of State's evidence, defendant's motion for nonsuit was denied, and he presented no evidence. Defendant was found guilty by a jury, and from judgment committing him to an active sentence of six months, he appeals.

*Attorney General Morgan, by Associate Attorney John R. Morgan, for the State.*

*Cherry, Cherry and Flythe, by Joseph J. Flythe and Ernest L. Evans, for defendant appellant.*

MORRIS, Judge.

[1] The defendant assigns error to the following portion of the court's instruction to the jury:

"Now in this case you may consider one of two verdicts, guilty of possession of non-tax-paid liquor and guilty of selling it, or not guilty."

It is his contention that this charge did not give the jury the alternative of finding him guilty of either possession or sale of the whiskey.

In this case, the warrant charged that defendant had "in his possession non-taxpaid whiskey and for the purpose of sale and did sell same to State ABC Officer John Roberson (undercover) to wit: (1) one pint." The warrant is clearly written as one count. Defendant cannot contend he was prejudiced by the court's charge. The charge was correct and in accord with the warrant. As drawn, the warrant placed a greater burden on the State to prove defendant's guilt. The State, under the charge was required to prove both possession and sale beyond a reasonable doubt before defendant could be found guilty. The trial judge so charged.

[2] Defendant next assigns error to the court's inquiring of defendant prior to sentencing whether he intended to appeal. The court informed the defendant that he would suspend his sentence unless he decided to appeal his conviction, in which case he intended to give him an active sentence. It is well established that it is error for the trial court to change a suspended sentence to an active sentence upon learning of defendant's intention to appeal. *In re Moses*, 17 N.C. App. 104, 193 S.E. 2d 375 (1972); *State v. May*, 8 N.C. App. 423, 174 S.E. 2d 633 (1970).

We are of the opinion that the rule is equally applicable here. The threat of an active prison sentence if he appealed as opposed to a probationary type sentence if he did not, in our opinion, effectively denied to defendant an unlimited right of appeal. The sentence imposed must, therefore, be stricken and the case remanded for resentencing.

Remanded.

Judges CAMPBELL and BRITT concur.