STATE OF NORTH CAROLINA v. IRVIN H. RESPASS, JR.

No. 752SC335

(Filed 1 October 1975)

1. **Burglary and Unlawful Breakings § 6— jury instructions — indictment different — no prejudice to defendant**

   Where a bill of indictment charged defendant with breaking or entering a "building," the trial court's instruction to the jury that to convict defendant of felonious breaking or entering the State had to prove beyond a reasonable doubt that defendant broke into or entered both a house and a shed was not prejudicial to defendant.

2. **Larceny § 9— variance in indictment and instructions — no prejudicial error**

   Where a bill of indictment alleged that defendant committed felonious larceny of property of a value of more than $200 but where the court instructed the jury that they should find defendant guilty of felonious larceny if they concluded that the larceny occurred as the result of a breaking into or entering of a building, the variance was not fatal since both the indictment and the instructions included the lesser offense of misdemeanor larceny, the jury must necessarily have

found that all the elements of misdemeanor larceny were satisfied, and the verdict therefore should have been considered .as a finding of guilty of misdemeanor larceny.

**3. Larceny § 8— ownership of buildings — instruction no expression of opinion**

The trial court's statement that the buildings in question were owned by a specified person while instructing the jury on a breaking and entering charge did not amount to an expression of opinion on a charge of larceny of property from the buildings when the statement is considered contextually.

**4. Criminal Law § 114— jury instructions — no expression of opinion**

Trial court's failure to instruct the jury that the court's particular choice of testimony in reviewing the evidence in no way should be taken as an expression of opinion by the court as to the strength or relevancy of the evidence did not amount to an expression of opinion by the trial court.

**5. Criminal Law § 6— intoxication of defendant — no instruction required**

Where the evidence tended to show that defendant was able to shoot a hog and shoat, field dress the shoat and carry it away and put it in his father's freezer, carry away goods from the farm, and operate a tractor with skill sufficient to retrieve his car from a muddy field in which it had become stuck, the trial court was not required to instruct the jury *sua sponte* on the effect of defendant's intoxication as negating the specific intent required in a felonious breaking or entering, since such instruction was required only if there was evidence that defendant was so overcome by an intoxicant that he had lost the capacity to think and plan.

**6. Criminal Law § 126— polling jury — misunderstanding by juror — unanimity of verdict**

Defendant was not denied his right to an unanimous verdict where the jury was polled and one juror hestitated to affirm her vote because she did not understand the clerk's question as to whether she still assented thereto.

APPEAL by defendant from *Lanier, Judge.* Judgment entered 15 January 1975 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 26 August 1975.

Defendant was indicted for felonious breaking or entering and felonious larceny of property valued in excess of $200. Upon plea of not guilty as to each charge the jury returned a verdict of guilty as to each charge. From judgment sentencing him to five to seven years on each offense, the sentences to run consecutively, defendant appealed.

The State's evidence tended to show that the defendant, who had been drinking, broke into. and entered a farm equipment

shed and an abandoned farmhouse. In addition to taking various farm goods and tools, the defendant shot and killed a sow and a shoat. Defendant put the shoat in the station wagon he was driving and carried it to his father's house and put it in the freezer. Other items taken were put in the station wagon and some of the items were later removed and placed in a corn field.

  *Attorney General Edmisten, by Associate Attorneys Jerry J. Rutledge and Robert Gruber, for the State.*

  *Samuel G. Grimes for defendant appellant.*

MORRIS, Judge.

Defendant brings forward ten assignments of error. After grouping defendant's major contentions by subject matter, we find that defendant presents for this Court's disposition alleged problems of (1) variance; (2) prejudicial opinions rendered by the court in violation of G.S. 1-180; (3) erroneous jury instructions regarding intoxication, burden of proof and larceny; and (4) a constitutionally invalid verdict because of an allegedly incompetent juror's purported disaffirmance of her verdict.

[1] The defendant first asserts that the charges to the jury regarding both the breaking or entering and felonious larceny exceed and vary from the averments in the respective bills of indictment. Defendant points out that in the first bill of indictment he was charged with breaking or entering a "building." In instructing the jury, the trial court stated that the defendant should be found guilty of felonious breaking or entering if they should find beyond a reasonable doubt that defendant broke a window of a "house" and entered therein "AND" broke a lock on a door to a "shed" and entered therein. Defendant contends that this charge is improper because the jury was left with the impression that they could find defendant guilty as charged even though they might have had some reasonable doubt as to whether defendant broke and entered the farmer's shed. We disagree. This instruction, if erroneous, operates in defendant's favor. To convict the defendant of felonious breaking or entering the State had to prove beyond a reasonable doubt that defendant broke into or entered *both* the house *and* the shed. While the general rule is that "a charge which goes beyond the averments of the indictment is prejudicial," 3 Strong, N. C. Index 2d, Criminal Law, § 113, if prejudice could have resulted from the variance, it could only result to the State and not the defendant. In this instance, the defendant has no reason to complain.

[2]  The defendant also contends there is fatal variance between the larceny indictment and the charge to the jury. The second bill of indictment alleged that defendant committed felonious larceny of property of a value of more than $200. The court, however, instructed the jury that they should find defendant guilty of felonious larceny if they concluded that the larceny occurred as the result of a breaking into or entering of a building. The variance, however, is not fatal. G.S. 15-170 provides that "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime. . . . " Here, both the indictment and the instructions included the lesser offense of misdemeanor larceny. The jury must necessarily have found that all the elements of misdemeanor larceny were satisfied. Therefore, the verdict should be considered as a finding of guilty of misdemeanor larceny. See *State v. Benfield,* 278 N.C. 199, 179 S.E. 2d 388 (1971). The Supreme Court has stated that " . . . the misdemeanor of larceny is a less degree of the felony of larceny within the meaning of G.S. 15-170." *State v. Cooper,* 256 N.C. 372, 380, 124 S.E. 2d 91 (1962).

[3]  Defendant next argues that the court rendered prejudicial opinions in violation of G.S. 1-180. The court stated that the buildings in question were owned by one Raymond Bennett while instructing the jury as to the breaking or entering charge. Defendant cites this as prejudicial error because the matter of ownership was a fact in issue as to the larceny charge. This had the effect, the defendant contends, of directing the jury as to an element that the State must prove beyond a reasonable doubt. To sustain this assignment of error would require our examining this portion of the charge isolated from its context. When examining a court's instructions upon appellate review, we must construe the entire charge contextually and "isolated portions will not be held prejudicial when the charge as [a] whole is correct. . . . If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal. . . . 'It is not sufficient to show that a critical examination of the judge's words, detached from the context and the incidents of the trial, are capable of an interpretation from which an expression of opinion may be inferred. . . . ' " *State v. Lee,* 277 N.C. 205, 214, 176 S.E. 2d 765 (1970). This assignment of error is overruled.

**[4]** Defendant also asserts prejudicial error in the court's failure to instruct the panel that the court's particular choice of testimony in reviewing the evidence in no way should be taken as an expression of opinion by the court as to the strength or relevancy of the evidence. In the court's failure to so instruct, defendant finds an expression of opinion by the court and contends that the judge's statement that the jury should ultimately "rely on its own recollection" is not sufficient to overcome this failure. Defendant cites no authority for his position but argues that the court's failure becomes particularly important in this case because the court failed to give an instruction on the effect of intoxication. The court's admonishing the jury to rely on its own recollection of the evidence is sufficient.

**[5]** The defendant next attacks the court's instructions as prejudicial because of its failure to instruct the jury *sua sponte* on the effect of defendant's intoxication as negating the specific intent required in a felonious breaking or entering. It is true that intoxication is an affirmative defense and does not require a special plea.

> "However, to avail the defendant and require the court to explain and apply the law in respect thereto, there must be some evidence tending to show that the defendant's mental processes were so overcome by the excessive use of liquor or other intoxicants that he had temporarily, at least, lost the capacity to think and plan." *State v. Cureton,* 218 N.C. 491, 495, 11 S.E. 2d 469 (1940).

The evidence in the case before us tended to show that defendant, though intoxicated, was far from that drunken point where he "lost the capacity to think and plan." Though no great skill or manual dexterity was required, the defendant was able to shoot a hog and shoat, field-dress the shoat and carry it and put it in his father's freezer, carry away goods from the farm, and in fact operate a tractor with skill sufficient to retrieve his car from a muddy field in which it had become stuck. He may have been intoxicated to the point that his actions were foolhardy, but he was not so overcome by the excessive consumption of alcohol that he had lost the capacity to think and plan. In short, the evidence was not sufficient to require an instruction, *sua sponte.*

The defendant also maintains that the court failed properly to instruct the jury as to the State's burden of proof as to each and every element of each offense, and failed to define the lar-

ceny element of felonious breaking or entering. A contextual reading of the charge, however, indicates that the court did adequately define "larceny" and properly placed the burden of proof upon the State.

[6]  Finally, defendant assigns as error the court's refusal to grant defendant a mistrial, judgment notwithstanding the verdict, or new trial in light of Juror Puckett's alleged refusal to affirm her vote. After rendering its verdict, the jury was polled and the following occurred when Juror Puckett was questioned:

"CLERK: Do you find the defendant Irvin H. Respass, Jr. guilty of felonious breaking or entering and guilty of felonious larceny?

JUROR PUCKETT: Yes.

CLERK: Is that your verdict and do you still assent thereto?

JUROR PUCKETT: Do I still . . . .

COURT: Do you understand the question?

JUROR PUCKETT: Yes, she said do I find him guilty.

COURT: She said, do you still assent thereto.

JUROR PUCKETT: What do you mean by that?

COURT: She means do you still agree that is your verdict?

JUROR PUCKETT: Well, I can't agree on it.

COURT: Well, answer the question. Ask her the question again. Please listen and try to understand it. If you don't understand it, we will explain it to you.

CLERK: Do you find the defendant Irvin H. Respass, Jr. guilty of felonious breaking or entering and guilty of felonious larceny?

COURT: Answer that question.

JUROR PUCKETT: Oh, yes, ma'am.

CLERK: Is that your verdict and do you still assent thereto?

COURT: That means do you still agree that is your verdict?

JUROR PUCKETT: Oh, no ma'am. For that, I don't stay up here all the time.

State v. Respass

COURT: No, do you understand what she means when she says, 'Do you still assent thereto?' You have said you find him guilty of breaking or entering, felonious breaking or entering and felonious larceny . . . .

JUROR PUCKETT: Oh, yes, sir.

COURT: She has asked additionally, 'Is that your verdict and do you still assent thereto?' Do you still say that?

JUROR PUCKETT: I still say that.

COURT: All right."

It is apparent from the record that Juror Puckett was not disaffirming her vote. She was merely unaware of the meaning of the word "assent" and found the court's question confusing. Indeed, the court clerk finally asked her: *"Do* you find the defendant . . . guilty?" (Emphasis supplied.) When asked that question, framed in the present tense, Juror Puckett clearly indicated that she still found the defendant guilty as charged. Whatever difficulty and confusion Juror Puckett had went to her inability to understand the meaning of the word "assent" and not to her verdict. Defendant's constitutional right to a unanimous verdict was not abridged. Moreover, the record does not indicate that Juror Puckett was an incompetent juror in this case.

As to No. 74CR1369—Breaking or entering—no error.

As to No. 74CR1368—Larceny—remanded for resentencing.

Judges VAUGHN and CLARK concur.