STATE OF NORTH CAROLINA v. GREGORY JAMES TAYLOR

No. 67

(Filed 7 February 1978)

1. Homicide § 20.1— photograph of deceased—admissibility to illustrate testimony

    The trial court in a murder prosecution properly allowed into evidence a photograph which illustrated the testimony of a witness concerning the appearance of deceased after she had been shot.

2. **Criminal Law § 101.2— defendant's prior conviction— evidence improperly placed before jury—jury not examined by court—no error**

Where a carton containing evidence introduced at defendant's previous trial rested on the clerk's table twelve to fourteen feet from the nearest juror, and the carton had printed on its side "State v. Taylor—Murder—Guilty—Death—9-17-75—75-CR-5186," the trial court did not err in failing to examine the jury to determine if they had read the writing on the box and been influenced thereby, since there was no showing of deliberate prosecutory misconduct; it was highly unlikely that any juror could have read the writing on the carton from the jury box; most, if not all of the jurors already knew about defendant's previous conviction, having read about it in the newspaper; and the trial court concluded that inquiry of the jury would in all probability create a high likelihood of prejudice.

3. **Homicide § 21.5— murder during attempted robbery—first degree murder— sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for murder committed during the perpetration of an attempted robbery where such evidence consisted of testimony by an eyewitness that he saw defendant shoot deceased; there was evidence corroborating the eyewitness's account; and defendant made a statement to police officers to the effect that he shot deceased accidentally during the course of an attempted robbery.

APPEAL by defendant from *Howell, J.*, 28 February 1977, Schedule B Session of MECKLENBURG Superior Court.

Defendant was arrested in January of 1975 upon a warrant charging him with the first degree murder of Betty Moore. After a court-ordered period of observation at Dorothea Dix Hospital, he was declared competent to stand trial, and the Mecklenburg County Grand Jury indicted defendant for the first degree murder of Betty Moore. At trial, defendant entered pleas of not guilty and not guilty by reason of insanity. The jury found defendant guilty as charged and a death sentence, mandatory at that time, was imposed. This Court found error in the failure of the trial judge to give requested instructions pertaining to commitment procedures applicable to a defendant who has been acquitted by reason of mental illness and awarded defendant a new trial. *State v. Taylor*, 290 N.C. 220, 226 S.E. 2d 23 (1976).

Upon arraignment at the second trial, defendant again entered pleas of not guilty and not guilty by reason of insanity. The State's evidence, which was substantially the same as that offered at the first trial, tended to show that Betty Moore died as a result of shotgun wounds inflicted by defendant during an attempted robbery of her husband's store.

Defendant offered evidence tending to show lack of mental capacity. Members of his family described instances of irrational behavior by defendant and recited a history of his hospitalization and treatment for mental disorders. Defendant also offered expert testimony which tended to show that defendant suffered from paranoid schizophrenia.

On rebuttal, the State offered expert opinion testimony to the effect that at the time of the crime, defendant knew the difference between right and wrong and knew the nature and consequences of his behavior. Evidence of inculpatory statements made by defendant to police officers was also admitted on rebuttal.

We do not deem it necessary to here fully recite the facts because of their striking similarity to those fully set out in the first case which is reported in 290 N.C. 220. Such additional facts as are necessary for decision of this appeal will be hereinafter set forth.

The trial judge submitted the case to the jury on the theory of felony murder, and the jury returned a verdict of guilty of first degree murder. Defendant was sentenced to life imprisonment.

*Rufus L. Edmisten, Attorney General, by T. Buie Costen, Special Deputy Attorney General, for the State.*

*Paul L. Whitfield for defendant appellant.*

BRANCH, Justice.

[1] Defendant first assigns as error the ruling of the trial judge admitting into evidence State's Exhibit 1, a photograph of deceased at the scene of her death. Defendant contends that this photograph illustrated no relevant testimony, had no probative value, and its introduction served no purpose other than to inflame and prejudice the jury.

It is well established in this jurisdiction that photographs may be used to illustrate relevant and competent testimony and the fact that the photograph may be gory or gruesome does not necessarily render it inadmissible. *State v. Cutshall*, 278 N.C. 334, 180 S.E. 2d 745 (1971); *State v. Barrow*, 276 N.C. 381, 172 S.E. 2d 512 (1970); *State v. Gardner*, 228 N.C. 567, 46 S.E. 2d 824 (1948). The record discloses that after the witness Moore had described the sequence of events leading to his wife's death, he testified

that State's Exhibit 1 fairly represented his wife's appearance after she had been shot. The trial judge admitted this photograph over defendant's objection and at that time instructed the jury that the photograph was admitted for the limited, sole purpose of illustrating the testimony of the witness Moore, if the jury should find that the photograph did illustrate his testimony. He specifically told the jury that they should not consider the photograph for any other purpose.

In order to prove a charge in a criminal case, the State must prove (1) that the act was done and (2) that it was done by the person charged. Thus, before there can be a lawful conviction of a crime, the *corpus delicti*, that is that the crime charged has been committed by someone, must be proved by the State. *State v. Edwards*, 224 N.C. 577, 31 S.E. 2d 762 (1944). Defendant's plea of not guilty places the burden of proving every element of the crime charged, including the establishment of the *corpus delicti* upon the State. *State v. Jones*, 249 N.C. 134, 105 S.E. 2d 513 (1958). As long as a defendant stands on his plea of not guilty, the State may choose the method by which it will carry this burden subject to the enforcement of the rules of evidence by the trial judge. *State v. Cutshall*, supra.

The single photograph here challenged was relevant and competent for use in illustrating the testimony of the witness Moore bearing upon *corpus delicti. State v. Gardner, supra; State v. Miller*, 219 N.C. 514, 14 S.E. 2d 522 (1941). We also note that the photograph was not excessively gory as was the case in *State v. Mercer*, 275 N.C. 108, 165 S.E. 2d 328 (1969), *overruled on other grounds, State v. Caddell*, 287 N.C. 266, 215 S.E. 2d 348 (1975), neither did the State make excessive use of the photograph as in *State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963). The photograph was illustrative of a material part of the State's case, did not violate established rules of evidence, and was admitted under proper instructions. We, therefore, hold that the trial judge did not commit error by admitting State's Exhibit 1 into evidence.

[2]  Defendant next contends that the trial judge committed prejudicial error by failing to properly ascertain whether any of the jurors had seen allegedly prejudicial language printed on the side of a carton containing evidence introduced at defendant's previous trial.

During the noon recess on the second day of trial, defense counsel brought to the court's attention a white cardboard carton which had been resting on the clerk's table twelve to fourteen feet from the nearest juror. On the side of the box were the words "State v. Taylor — Murder — Guilty — Death — 9-17-75 — 75-CR-5186." These words were written in ballpoint pen or pencil. The record does not disclose the size of the lettering. Defendant moved for a mistrial and the trial judge thereupon conducted a *voir dire* hearing which included an examination of the prosecuting attorney and the clerk of court. In addition, the trial judge had defense counsel place the box in the position that it rested on the clerk's table when it was exposed to the jury's view. The judge then took the seat in the jury box which was nearest to the box and attempted to read the words written on the box and could only read the word "State." It was disclosed in the *voir dire* hearing that the 13th juror, Ms. Chandler, walked near the box when she approached the clerk to inquire about using a telephone.

At the conclusion of the *voir dire* hearing, the trial judge found facts and *inter alia* concluded:

Therefore, the Court concludes that it is highly unlikely, if not impossible, that any juror could have ascertained, read or maintained the words or the language on the box;

That it is highly unlikely that Ms. Chandler, the 13th juror in this case, lingered or stayed in the area of the bar or bench long enough to read the words imprinted on the box;

That there is no likelihood that any event regarding the utilization of this box or its display or location during the trial, at this point, has prejudiced the defendant;

That the Court is of the opinion that to inquire of the jury about whether they have in fact observed this box would in all probability create a higher likelihood of prejudice.

Based on these findings and conclusions, the trial judge denied defendant's motion for a mistrial.

Where a defendant's conviction is set aside or a new trial granted for error in the trial, it is error to permit evidence of this erroneous or void conviction to be introduced in any manner at a

subsequent trial for the same offense. *Loper v. Beto*, 405 U.S. 473 (1972); *State v. Britt*, 288 N.C. 699, 220 S.E. 2d 283 (1975); *State v. Alford*, 274 N.C. 125, 161 S.E. 2d 575 (1968). This is particularly so when such evidence results from deliberate prosecutory misconduct. *State v. Solomon*, 93 Utah 70, 71 P. 2d 104 (1937).

In instant case, there is no evidence of deliberate prosecutory misconduct. Neither is there a clear showing that improper evidence was actually communicated to the jury. We are of the opinion that, under ordinary circumstances, it would have been the better practice for the trial judge to have inquired of the jurors if they had read the writing on the box and, in the event of an affirmative answer, to determine whether this information would affect such jurors' ability to return a fair and impartial verdict. However, the record before us contains the following statement made by Judge Howell at the conclusion of the *voir dire* hearing:

> I'd also like the record to show at this point that in accordance with the District Attorney or the defense counsel's statement, that this matter is being tried for the second time. There was a previous conviction. That certain members of the jury, in voir dire, indicated that they had heard or read about the matter in the paper; that the previous conviction was reversed and a new trial was ordered, all of which was reported in the local newspapers.

It becomes apparent that some of the jury panel, and probably all of them, were aware of the previous erroneous conviction. There is no indication in the record that defendant objected to or challenged the qualification of these jurors. We are of the opinion that the trial judge's conclusion that inquiry of the jury would in all probability create a high likelihood of prejudice is strengthened by his knowledge that members of the jury were already aware of defendant's prior conviction. Further reference to this matter by the trial judge would obviously emphasize its importance in the minds of the jurors.

Under the circumstances of this case, we are unable to say that prejudicial error resulted from the trial judge's failure to examine the jury concerning the writing on the box.

By his assignments of error 3, 4 and 5, defendant contends that the trial judge erred (1) in finding that defendant's in-custody

statements were voluntary, (2) in allowing the State to introduce these statements on rebuttal, and (3) in admitting the expert opinion of Dr. Groce in response to the district attorney's hypothetical question. These assignments of error were made and rejected in the first appeal of this case upon nearly identical factual bases. Defendant advances no new arguments to support these assignments of error, and we adhere to our original reasoning and rulings. We deem it unnecessary to here repeat our reasoning which is fully set forth in *State v. Taylor*, 290 N.C. 220, 226 S.E. 2d 23 (1976).

[3] Defendant next assigns as error the denial of his motion to dismiss.

The State offered the eye witness testimony of M. L. Moore to the effect that he saw defendant at the check-out corner of his store with a gun pointed at his wife Betty Moore. He asked defendant what he wanted, and defendant turned the shotgun toward him and told him not to do anything foolish. Defendant then turned the shotgun back to Mrs. Moore and the gun discharged. Defendant and his companion fled. In court, Mr. Moore unequivocally identified defendant as the man who wielded the shotgun in his store even though he testified that on that occasion defendant wore a wig. The State also offered into evidence a statement made by defendant to police officers to the effect that he went to the store for the purpose of committing a robbery and that he shot Mrs. Moore accidentally during the course of the attempted robbery. The State offered other evidence that tended to corroborate Mr. Moore's testimony.

When considered in the light most favorable to the State and taking the State's evidence to be true, we are of the opinion that the evidence here presented was sufficient to furnish a reasonable basis for the jury to find that defendant shot and killed Betty Moore during the course of an attempted armed robbery. Such findings would be tantamount to findings that the crime charged in the bill of indictment, first degree murder, was committed and defendant was one of the perpetrators of that crime. *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866 (1971); *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1968). We, therefore, hold that there was ample evidence to repel defendant's motion to dismiss.

Defendant's remaining assignments of error are that the trial judge erred by denying his motion to set aside the verdict and by denying his motion for a new trial. These motions are addressed to the sound discretion of the trial judge. *State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974). In view of our ruling on the preceding assignments of error, we find no basis whatever to support a finding that the trial judge abused his discretion in denying these motions.

We have carefully reviewed this entire record and find no prejudicial error.

No error.