STATE OF NORTH CAROLINA v. HOWARD McLAURIN, JR.

No. 7916SC71

(Filed 5 June 1979)

1. **Criminal Law § 102— prosecutor's comment to judge—no prospective jurors present—no prejudice to defendant**

    There was no merit to defendant's contention that he was deprived of due process by the prosecutor's remark to the trial court that defendant's voluntary manslaughter case was back for retrial after having started out as a first degree murder case, since there was no evidence that any prospective jurors were present or heard the remarks.

2. **Criminal Law § 114— jury instructions—witness's credibility—no expression of opinion**

    The trial court did not express an opinion as to the credibility of a witness when he instructed the jury that the evidence tended to show that a prior statement of the witness was inconsistent, and the judge's slight inaccuracy in stating that the evidence tended to show that the statement was made at an

earlier trial instead of to a police officer should have been called to his atten-
tion at the time.

**3. Criminal Law § 138.6— sentencing hearing—no continuance**

Defendant was not entitled to a continuance of his sentencing hearing for
the purpose of preparing a record of his "background and standing" since com-
mission of the crime three and one-half years earlier.

**4. Criminal Law § 138— severity of sentence—no punishment for appeal**

That a judgment not recommending defendant for work release was
entered after defendant gave notice of his intent to appeal was not sufficient,
standing alone, to show that it was entered to punish defendant for exercising
that right.

APPEAL by defendant from *Wood, Judge.* Judgment entered
15 August 1978 in Superior Court, SCOTLAND County. Heard in
the Court of Appeals 24 April 1979.

Defendant was charged with the murder of Paul E. McIntosh.
He was originally tried for murder and convicted of voluntary
manslaughter but, pursuant to the decision in *Hankerson v. North
Carolina,* 432 U.S. 233 (1977), a new trial was granted in an opin-
ion reported at 33 N.C. App. 589, 235 S.E. 2d 871 (1977). On 14
August 1978, defendant was placed on trial for voluntary
manslaughter. The jury found him guilty of voluntary
manslaughter, and judgment imposing a prison sentence was
entered. From this judgment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General
George W. Lennon, for the State.*

*L. Wayne Sams, for defendant appellant.*

VAUGHN, Judge.

[1] The record in this case relates the following exchange be-
tween the prosecutor and the trial judge.

"MR. WEBSTER: Howard McLaurin, Jr.

THE COURT: What number is that case?

MR. WEBSTER: Your Honor, this is the first case on the calen-
dar for trial this morning. Mr. Sams represents him. I don't
see him either. Probably talking to his client.

THE COURT: Is the case ready for jury trial?

MR. WEBSTER: Yes, sir.

THE COURT: Do you have the file out there?

MR. WEBSTER: Yes, sir, I do. Started out for a first degree murder trial, Your Honor. It's back for re-trial."

The record also contains the affidavit of defendant's attorney stating that he was not present during this exchange. The defendant contends that the comment by the prosecutor concerning defendant's prior conviction deprived the defendant of due process. Nothing in this record shows that prospective jurors were present or heard these remarks. In *State v. Taylor*, 294 N.C. 347, 240 S.E. 2d 784 (1978), a cardboard box was sitting on the clerk's table, twelve to fourteen feet from the jury. The side of the box read "State v. Taylor — Murder — Guilty — Death — 9-17-75." This language referred to a prior trial in which defendant had been found guilty. A *voir dire* hearing was held on defendant's motion for a mistrial. The trial judge concluded that it was unlikely that the jurors were able to read the box and denied defendant's motion. The Supreme Court affirmed, finding that the record failed to show any deliberate prosecutory misconduct or that the improper evidence was actually communicated to the jury. We find, in the instant case, that there was also no evidence of prosecutorial misconduct or that any member of the jury that tried the case heard this remark. We, therefore, overrule this assignment of error.

[2] Defendant next contends that the trial court expressed an opinion as to the credibility of a witness in violation of G.S. 15A-1232. In charging the jury, the trial judge made the following statement:

"Evidence has been received tending to show that at an earlier trial the witness, Geraldine McLaurin, made a statement which conflicted with her testimony at this trial. You must not consider such earlier statements as evidence of the truth of what was said at that earlier time, becuase it was not made here, under oath, at this trial. If you believe that such earlier statement was made and that it does not conflict with the testimony of Mrs. McLaurin at this trial, then you may consider this, together with all other facts and circumstances bearing upon the witness' truthfulness in

deciding whether you will believe or disbelieve her testimony at this trial."

At trial, a prior inconsistent statement made to a police officer was introduced. No statement was used which was made at a prior trial. Defendant argues that it was prejudicial error for the judge to state that the prior statement was in conflict with the trial testimony and that the statement was made at an earlier trial. Defendant's assignment of error is without merit. The judge expressed no opinion on the evidence. He merely recapitulated what the evidence tended to show in order to explain the application of the law thereto. He did not say that the prior statement was inconsistent, he said that the evidence *tended* to show that the statement was inconsistent. His slight inaccuracy in stating that the evidence tended to show that the statement was made at an earlier trial instead of to a police officer should have been called to his attention at the time. *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976). The assignment of error is overruled.

[3] When the judge announced that he was ready to proceed with sentencing, counsel for defendant stated,

"I would like to ask the Court if we might postpone sentencing until a record can be made on the background and standing of Howard McLaurin since this incident, since this happened some three and a half years ago. This happened in . March of 1974."

On appeal, defendant argues that he was denied a sentencing hearing as provided for by G.S. 15A-1334. The argument is without merit. It is clear that the court heard everything counsel was prepared to present. Whether to allow a continuance of the sentencing hearing lies within the discretion of the judge upon a showing of what he determines to be good cause. No abuse of discretion has been shown.

[4] Defendant further contends, in substance, that the judge increased his sentence after he gave notice of appeal and penalized him for the exercise of his right to appeal. It is elementary that the right of appeal is presently absolute. *State v. Lowry*, 10 N.C. App. 717, 179 S.E. 2d 888 (1971). The trial judge may not impose a penalty because a defendant elects to exercise that right. *State v. Reynolds*, 20 N.C. App. 479, 201 S.E. 2d 586 (1974). We are

certain that Judge Wood is aware of these longstanding principles and will not presume that he ignored them in the absence of a showing to the contrary. Indeed, the presumption is that the judgment was entered on proper considerations. The trial judge can increase the sentence he has earlier given or indicated he would give if the record does not sustain the suggestion that, in so doing, he was penalizing the defendant for exercising his right to appeal. *State v. Bostic,* 242 N.C. 639, 89 S.E. 2d 261 (1955). The record in this case does not sustain the suggestion. In the first place, we suspect that this experienced trial judge had few doubts that this indigent defendant, with nothing to lose and all to gain, would appeal at public expense without regard to the severity of the prison sentence imposed. Furthermore, the trial judge made it clear at the outset that, but for the restriction imposed upon him by G.S. 15A-1335, he would impose a more severe sentence than was imposed at the first trial. He made it clear that he intended to impose the maximum sentence that he could impose in the light of G.S. 15A-1335. These statements were part of a rambling discussion between the judge, defense counsel and the district attorney, including, among other things, an exchange of views of the defendant's parole eligibility if he were to be sentenced to not less than five years nor more than five years compared with the sentence the prisoner received at the first trial, not less than five years nor more than ten. The judge indicated that he was going to impose a sentence of not less than five years nor more than five years and opined that defendant's parole eligibility would be the same as under the original sentence. The district attorney expressed the notion that such a sentence would make defendant eligible for parole immediately. The judge again pointed out that he felt that the sentence was too lenient and that he felt a maximum sentence of twenty years would be appropriate, but that since he was so limited, he might as well recommend work release. Defense counsel stated that he had been instructed to give notice of appeal. The judge then stated that he was going to strike out the sentence and enter the same sentence that had been entered at the first trial. Formal judgment and commitment was then entered. That, in fact, was the only judgment that was entered. The closest other thing to an entry of judgment occurred in the middle of the conversation between bench and bar when the judge said,

"Let the following judgment be entered: It is adjudged that the defendant be imprisoned for a term of not less than five — I'm going to do this one service, and I'm thinking about the children. Instead of not less than five years nor more than five years, the prior sentence was not less than five nor more than ten; and the Court will recommend him for work release, provided he support his three children."

Obviously, the judge did not intend for the foregoing to be his judgment in the case. At most, the record discloses that the judge considered giving a sentence that would, in his opinion, allow defendant earlier consideration for work release. The judgment finally entered did not allow for that provision. That it was entered after defendant gave notice of his intent to appeal, is not sufficient, standing alone, to show that it was entered to punish defendant for exercising that right.

We find no error in the trial or judgment.

No error.

Judges CLARK and CARLTON concur.